REGINA YATES and CHARLES V. YATES, Appellants, v. ARCHIBALD STEVENSON, Respondent.— Plaintiff Regina Yates, while driving an automobile, had a collision with the motor vehicle of the defendant, due, as she claims, to the negligence of the latter's driver. On the trial there was a question of fact as to negligence. As a result of the accident, she was thrown forward against the steering wheel with her breast or her chest hitting the wheel. She testified, " I was not hurt;" and that she did not sustain any bruises as a result of being thrown against the wheel. She may have meant by that that she did not feel any immediate pain, or

note at the time any bruise. She was not permitted to testify further and was not permitted to state whether she saw a physician later, or that any bruise was then discovered. The complaint was dismissed solely on the ground that, as the evidence stood, there was no proof of damage; and that she could not recover for nervous shock solely as the result of fright. Judgment reversed on the law and a new trial granted, with costs to the appellants to abide the event. We think that the action of the trial court was too precipitate; and that the plaintiff should have been permitted to develop her proof further. (*Pareti* v. *New York Rys. Co.*, 172 N. Y. Supp. 388 [not officially published].) Plaintiff wife was entitled to recover damages, if she received even a slight injury as a result of the impact, if it resulted in nervous shock and impairment of her health. (*Jones* v. *Brooklyn Heights R. R. Co.*, 23 App. Div. 141; *Buckbee* v. *Third Avenue R. R. Co.*, 64 id. 360; *Hack* v. *Dady*, 142 id. 510; *Tracy* v. *Hotel Wellington Corporation*, 175 N. Y. Supp. 100 [not officially published]; affd., 188 App. Div. 923; see, also, *Comstock* v. *Wilson*, 257 N. Y. 231; McCormick Damages, § 89.) Further, if the trial had not terminated in such a sudden and unexpected manner, she might have been able to furnish proof of the damage to the car. Young, Carswell, Davis, Adel and Taylor, JJ., concur.