■ GEORGE BUDNER, Appellant, v. THOMAS GIUNTA, as President of Brotherhood of Painters, Decorators and Paper Hangers of America, Local Union No. 892, et al., Respondents.— Judgment unanimously reversed on the law and a new trial granted, without costs. The complaint was dismissed while plaintiff's counsel was still in the course of his direct examination of plaintiff. The action was brought to set aside the determination of the Trial Board of District Council

No. 9 of the Brotherhood of Painters, Decorators and Paper Hangers of America fining plaintiff $200 and suspending him from his Union. Plaintiff claimed that the action of the Trial Board was illegal and that a stipulation in a prior action precluded the preferment of the same charges against plaintiff. Evidently the basis for the trial court's dismissal of plaintiff's complaint was the statement by defendant's counsel that all plaintiff had to do was to pay the $200 fine and he would be reinstated in the union. The statement by defendant's counsel was not enough to warrant a dismissal of the complaint where plaintiff was attacking the validity of the Trial Board's determination. Particularly is this so when it appears that the Trial Board has suspended plaintiff from the union for a three-year period in addition to fining him. Orderly procedure required that plaintiff be permitted to complete his case. While it may have seemed that plaintiff's ultimate success in the action was improbable, the dismissal of the complaint before plaintiff had concluded his case was unduly precipitate. (See *Matter of Driller* v. *Power*, 14 A D 2d 596; *Yates* v. *Stevenson*, 246 App. Div. 839; *Levy* v. *Goldman*, 252 App. Div. 781.) The suggestion by defendant's counsel regarding the payment of $200 may have presented a practical, and highly desirable, solution of the controversy, but it did not, as a matter of law, demonstrate at that stage of the proceedings that plaintiff could not prevail in the action. A new trial is therefore directed to enable plaintiff to present his entire case. Since a new trial is necessary, it may be advisable for plaintiff to move to amend his pleading to include his claim that the Trial Board was not legally constituted. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.