■    JOHN KOSCIELNIAK, Respondent, v. GEORGE SMITH, Appellant.  JOHN KOSCIELNIAK, Respondent. v. UTICA TRANSIT CORPORATION et al., Appellants.— Order unanimously affirmed, without costs of these appeals to any party. Memorandum:  In our opinion the trial court acted within its sound discretion in granting a mistrial.  (Rules Civ. Prac., rule 166, subd. 2.)  In the posture in which the appeal comes to us, there is serious doubt as to whether or not the decision is reviewable (cf. *Schultze* v. *Huttlinger*, 150 App. Div. 489). The subsequent formal motions made by defendants for a nonsuit and dismissal of the complaint undoubtedly should not have been entertained and denied by the trial court.  Such a motion may be made at the close of plaintiff's case (6 Carmody-Wait, New York Practice, pp. 696–697) but here the court during the trial granted plaintiff's motion to reopen and thereafter granted a mistrial before plaintiff again rested.  Thus, the motions of defendants for a nonsuit, whether formal or informal, were premature and should not have been entertained and passed upon.  (Appeals from order of Oneida Trial Term denying motion of defendants (1) to vacate order granting plaintiff's motion for the withdrawal of a juror and for a mistrial and (2) to vacate order denying motion of defendants for a nonsuit and dismissal of complaint.)  Present — Williams, P. J., Bastow, Goldman, McClusky and Henry, JJ.

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLOYD J. BREWER, Appellant.— Orders unanimously reversed and matter remitted for a hearing in accordance with the memorandum. Memorandum:  In 1955 the defendant was indicted for the crime of murder in the first degree.  He claims that upon arraignment, he was told that he was entitled to counsel of his own choice.  He suggested a lawyer whom the court refused to assign, and another was assigned to him.  The lawyer who was so assigned was, at that time, Police Commissioner of the City of Corning.  Corning is a city in the County of Steuben but not the place where it was alleged that the crime was committed.  Defendant pleaded not guilty to the indictment and his trial was commenced.  He claims that thereafter, and during the trial, he was told by his counsel: " I have talked with the Judge and with the Dist. Atty. and am convinced that if you plead guilty, I will get you a manslaughter sentence."  In reliance upon this advice, he pleaded guilty to murder, second degree, and was necessarily sentenced to a term of from 20 years to life.  He claims that he did not receive proper and adequate representation because his assigned counsel was a Police Commissioner and thus a law-enforcement officer in the general community.  While we are not passing upon the question at this time, there is very grave doubt about the propriety of assigning a person in such an office as counsel for an indigent defendant.  The defendant also claims that the counsel assigned was prejudiced against him in other respects in that he had represented the defendant's wife in an unsuccessful matrimonial action against him.  The Special Term Judge denied a hearing and dismissed the writ.  A hearing should have been had to determine the issues presented by the petition and, in particular, the question of whether he received adequate, proper, unbiased and unprejudiced representation.  (Appeal from two orders of Steuben Special Term denying a motion for a hearing in connection with a motion to vacate a judgment of conviction for murder, second degree, rendered January 16, 1956 and (2) denying the motion to vacate the judgment of conviction.)  (Decision filed and order entered February 18, 1963.)  Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.