◼ ROSE M. CETTA et al., Appellants, v. CITY OF NEW YORK, Respondent. Judgment, Supreme Court, New York County, entered April 12, 1973, *inter alia*, dismissing plaintiffs' complaint, unanimously reversed, on the law, and a new trial granted, with $60 costs and disbursements to abide the event. Plaintiffs, passengers in a motor vehicle, were injured when the car in which they were riding collided with a concrete traffic island located in a plaza area on the Manhattan side of the Manhattan Bridge. The island separates east and west bound traffic and contains an illuminated light pole protected by a concrete pillar. Plaintiffs contend the obstruction, as maintained by the city, is a hazard. After three days of trial to a jury, and during the testimony of plaintiffs' expert witness, the Trial Justice directed plaintiffs' counsel to make an offer of proof; following which defendant's motion to dismiss was granted,

On the truncated record before us, the cause of the accident is unclear. Conceivably plaintiffs could prevail under their theory of liability. Accordingly, " Orderly procedure required that plaintiff[s] be permitted to complete [their] case. While it may have seemed that plaintiff[s] ultimate success in the action was improbable, the dismissal of the complaint before plaintiff[s] had concluded [their] case was unduly precipitate." (*Budner* v. *Giunta*, 16 A D 2d 780, 781.) Concur — Nunez, J. P., Murphy, Tilzer, Capozzoli and Lane, JJ.