(subd [a], par 1) is unavailable (see *Montmarte, Inc. v Salvation Army,* 20 AD2d 536). Study of the record herein discloses that no sufficient showing of a meritorious defense was made. Documentary evidence (the brokerage agreement) reveals that defendant signed in an individual capacity. Concur—Ross, J. P., Lupiano, Silverman, Yesawich and Carro, JJ.

■ JANET PAGE et al., Appellants, v CITY OF NEW YORK, Respondent. —Judgment, Supreme Court, New York County, entered September 18, 1979, dismissing the complaint during a jury trial in an action for personal injuries, reversed on the law, and a new trial granted, without costs. The plaintiff lost the tip of her finger when a door was slammed on her by an assistant commissioner of the New York City Agency for Child Development. The plaintiff was inquiring at the commissioner's door as to why she and others were being kept waiting for a scheduled meeting. She had her hand in the door when it was closed. The Trial Judge was of the opinion that the plaintiff was contributorily negligent regardless of whether the defendant was negligent. However, he precipitately dismissed the complaint before the close of the plaintiff's case. "Orderly procedure required that plaintiff be permitted to complete his [her] case." *(Budner v Giunta,* 16 AD2d 780, 781.) Concur—Kupferman, J. P., Ross, Markewich, Bloom and Carro, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VASQUEZ, Also Known as CHARLES MANCINO, Appellant.—Judgment, Supreme Court, New York County, rendered on September 7, 1977, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Kupferman, J. P., Fein, Sandler, Bloom and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DOMINGO PEREZ, Appellant.—Judgment, Supreme Court, Bronx County, rendered on November 17, 1978, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California,* 386 US 738; *People v Saunders,* 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur— Sullivan, J. P., Ross, Markewich, Lupiano and Carro, JJ.

■ ALBERT B. LEWIS, Appellant, v RESOURCES FACILITIES, INC., et al., Defendants, and WARWICK FELDMAN, Respondent. (And a Third-Party Action.)—Judgment, Supreme Court, New York County, entered on October 19, 1979, unanimously affirmed. Defendant-respondent shall recover of plaintiff-appellant $75 costs and disbursements of this appeal. The appeal from the order of said court entered on September 10, 1979, unanimously dismissed as being subsumed in the aforesaid judgment, without costs and without disbursements. No opinion. Concur—Fein, J. P., Sullivan, Ross, Lupiano and Carro, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO BOULTRAN, Appellant.—Judgment, Supreme Court, New York County, rendered on November 14, 1978, unanimously affirmed. Applica-