■ NEWELL CASS et al., Appellants, v BROOME COUNTY CO-OPERATIVE INSURANCE COMPANY et al., Respondents. — Appeal from a judgment of the Supreme Court in favor of defendants, entered May 12, 1982 in Tioga County, upon a dismissal of the complaint by the court at Trial Term (Smyk, J.). At approximately 9:20 P.M. on September 5, 1978, a three-story brick building owned by plaintiffs and located on Main Street in Nichols, New York, was partially damaged by fire. Plaintiffs filed claims for their loss with their insurers, defendant insurance companies. Upon defendants' subsequent refusal to pay the claims, plaintiffs commenced the instant action to recover for their loss and the matter proceeded to trial on March 15, 1982. During the course of the trial a defense witness, on direct examination and in response to a question from

defense counsel, made a statement highly prejudicial to plaintiffs, which resulted in the court's grant of a motion by plaintiffs for a mistrial. Thereafter, by order dated May 10, 1982, the court granted a defense motion to dismiss the complaint upon the ground that plaintiffs had failed to prove facts at trial to constitute a cause of action, and the present appeal followed. We hold that the dismissal of the entire complaint was erroneous and cannot be permitted to stand. It is established that a motion to dismiss is to be made at the close of an opposing party's case or at any time on the basis of admissions (CPLR 4401), and that the grant of a dismissal prior to the close of the opposing party's case will be reversed as premature (see *Page v City of New York,* 79 AD2d 573), even if the ultimate success of the opposing party in the action is improbable (*Cetta v City of New York,* 46 AD2d 762; *Budner v Giunta,* 16 AD2d 780). Here, an examination of the record reveals that, at the time of the dismissal, plaintiffs had presented a substantial portion of their case and reserved the right to reopen in order to obtain the testimony of an independent claims adjustor hired by defendants as well as to present as evidence documents to be obtained from defendant Finger Lakes Co-operative Insurance Company under a subpoena duces tecum. Moreover, it cannot fairly be said upon the instant record that inadequacies in plaintiffs' proof as alleged by defendants, if any there be, would not have been cured by plaintiffs upon reopening their case. Under these circumstances, it was clearly error to dismiss the complaint for failure to prove a prima facie case (cf. *Koscielniak v Smith,* 18 AD2d 961). The dismissal of 4 of the 12 causes of action asserted by plaintiffs can be sustained upon an alternate ground, however. In these particular actions, plaintiffs seek only punitive damages as a consequence of defendants' alleged bad faith and malicious and deceitful conduct in refusing to pay plaintiffs' claim, and it is well settled that a demand for such damages does not constitute a separate cause of action in a complaint (*M. S. R. Assoc. v Consolidated Mut. Ins. Co.,* 58 AD2d 858). Furthermore, punitive damages are not awardable for an isolated transaction such as a breach of an insurance contract, even if committed willfully and without justification, and, therefore, the allegations of the complaint, if proven, would still not justify a punitive award here (cf. *Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, mot for lv to app dsmd 58 NY2d 605; *Catalogue Serv. of Westchester v Insurance Co. of North Amer.,* 74 AD2d 837; *M. S. R. Assoc. v Consolidated Mut. Ins. Co., supra*). Judgment modified, on the law, by reinstating plaintiffs' complaint with the exception of Causes of Action Nos. 4, 5, 10 and 11 seeking punitive damages, and by remitting this matter to Trial Term for a new trial, and, as so modified, affirmed, with costs to plaintiffs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.