■ BOULEVARD HOUSING CORP., Respondent-Appellant, v LAUREN BISK, Appellant-Respondent. [913 NYS2d 657]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered on or about December 19, 2008, which reversed a final judgment of Civil Court, New York County (David B. Cohen, J.), entered on or about April 23, 2007, granting respondent tenant's motion to dismiss the petition for possession and rent arrears and awarding her partial attorney's fees, and directed entry of judgment in petitioner landlord's favor, unanimously reversed, on the law, with costs, and the proceeding remanded for a new trial.

The Appellate Term erred in directing judgment in favor of the landlord because the Civil Court had directed judgment for the tenant at the close of the landlord's case but before the tenant put forward her affirmative proof. By reversing and directing a verdict for the landlord, the Appellate Term deprived the tenant of an opportunity to put forward any proof (*see* CPLR 4401; *Vera v Knolls Ambulance Serv.*, 160 AD2d 494, 496 [1990]).

The landlord's continued demand for payment of past amounts due that had been settled as of November 30, 2005, created an issue of fact as to whether the tenant was entitled to apply the money paid toward that settlement to her rent from that date forward (*see Computer Possibilities Unlimited v Mobil*

*Oil Corp.*, 301 AD2d 70, 80 [2002], *lv denied* 100 NY2d 504 [2003]).

As petitioner is no longer a prevailing party, it is not entitled to attorney's fees. Concur—Mazzarelli, J.P., Sweeny, Catterson, Renwick and DeGrasse, JJ.