■ STEVEN M. ALEVY, Doing Business as BANKERS CAPITAL REALTY ADVISORS, Appellant, v ISAAC UMINER, Respondent, et al., Defendants. [930 NYS2d 188]—

The first cause of action is based upon defendant Uminer's alleged breach of a written independent contractor agreement (ICA). During the trial, the court granted defendant's motion in limine pursuant to CPLR 4401 to the extent of precluding plaintiff from introducing into evidence any document that was purported to be the parties' original ICA or any copy thereof. The ruling was based upon the court's misgivings about plaintiff's eleventh hour proffer of a claimed duplicate original ICA. The court found the proffer to be at odds with an affidavit by which plaintiff had previously stated that the original ICA was destroyed in a flood after the action was commenced. Accordingly, the court found that plaintiff had not established the authenticity of the purported duplicate original or the copy previously submitted.

Based on the preclusion order, the court granted defendant's motion for judgment on the first cause of action. Under CPLR 4401, a party may move for judgment with respect to a cause of

action or issue after the close of evidence presented by an opposing party with respect to such cause of action or issue, or at any time on the basis of admissions. Dismissal of the first cause of action was erroneous in this case because the motion was granted prior to the close of plaintiff's case. Such dismissals will be reversed as premature even where the ultimate success of the dismissed claim is improbable (*see e.g. Cetta v City of New York*, 46 AD2d 762, 762-763 [1974]).

Moreover, notwithstanding the court's doubts about plaintiff's late proffer of the purported original agreement, we note that a copy of an ICA, allegedly signed by defendant, is annexed to the complaint and was therefore before the court prior to the commencement of the trial. It cannot be assumed that plaintiff would not have been able to lay a foundation for the introduction of this copy if afforded an opportunity to do so (*see* CPLR 4539 [a]).

The court, however, properly declined to instruct the jury on Real Property Law § 440-a insofar as it prohibits persons from acting as real estate brokers without being licensed. There is no proof in the record that defendant engaged in the proscribed conduct.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Andrias, J.P., Friedman, Catterson, Renwick and DeGrasse, JJ.