■ JULIO NIEVES, Appellant, v CITY OF NEW YORK, Respondent. [945 NYS2d 656]—Order, Supreme Court, New York County (Lottie E. Wilkins, J.), entered on or about September 17, 2009, which granted defendant's motion pursuant to CPLR 4401 to dismiss the complaint, made before the close of the plaintiff's case, unanimously reversed, on the law, without costs, defendant's motion denied, the complaint reinstated, and the matter remanded for a new trial. Appeal from an order, same court and Justice, entered April 22, 2010, which denied plaintiff's motion pursuant to CPLR 5015 (a) (2) and (3) to vacate the order entered on or about September 17, 2009, unanimously dismissed, without costs, as academic.

The order granting defendant's motion to dismiss the complaint is properly before this Court, as an appeal was taken from that order. In any event, we exercise our discretion to disregard any defect in the notice of appeal (see CPLR 5520 [c]).

Dismissal of the complaint pursuant to CPLR 4401, after the jury was impaneled, but before plaintiff had rested and his engineering expert had testified, was premature (see Alevy v Uminer, 88 AD3d 477, 477-478 [2011]). "A motion for judgment as a matter of law is to be made at the close of an opposing party's case or at any time on the basis of admissions (see CPLR 4401), and the grant of such a motion prior to the close of the opposing party's case generally will be reversed as premature even if the ultimate success of the opposing party in the action is improbable" (Burbige v Siben & Ferber, 89 AD3d 661, 662 [2011]). Here, the dismissal was not based on admissions by plaintiff and the judgment must be reversed and a new trial granted. Concur—Tom, J.P., Andrias, Renwick, DeGrasse and Abdus-Salaam, JJ.