OPINION OF THE COURT
Román, J.
In this action for personal injuries, we hold, inter alia, that while CPLR 4401, when properly applied, promotes judicial economy by narrowing, and at times even removing, issues submitted to the jury, it is reversible error to grant a motion for a directed verdict prior to the close of the party’s case against whom a directed verdict is sought.
On June 6, 2006, plaintiff, an employee of nonparty DiFama Concrete, was injured while working at a construction site owned by defendant Clinton Green South, LLC. Clinton Green, which was erecting several buildings and a theater complex, hired defendant Bovis Lend Lease LMB, Inc. as its general contractor. Bovis in turn hired several subcontractors, including DiFama, a concrete contractor. On the date of his accident, plaintiff had been tasked with dismantling a scaffold which had been erected after the installation of a ceiling within one of the building’s floors. The scaffold was 12 feet high and plaintiff, along with two other DiFama employees, was dismantling it. As plaintiff was on the floor, on his hands and knees, stacking pieces of the scaffold as it was dismantled by his coworkers, a piece of the scaffold suddenly fell, striking him in the back.
Plaintiff commenced this action for common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). This case was tried before a jury and at trial plaintiff testified to the *45 facts described above, and those related to his injuries. In addition, plaintiff called Ralph DiDonato, Bovis’s general superintendent of field operations, who testified that Bovis was responsible for site safety, conducted safety meetings, had the authority to insist that subcontractors adhere to Bovis’s safety guidelines, and could stop a subcontractor’s work if Bovis deemed it unsafe. DiDonato further testified that when dismantling a scaffold, the area adjacent to the scaffold should be cordoned or taped off to prevent all, except those engaged in the dismantling, from entering.
At the conclusion of plaintiffs case-in-chief, he moved for a directed verdict on his cause of action pursuant to Labor Law § 240 (1). The court granted plaintiffs motion over defendants’ objection. Plaintiff thereafter elected not to pursue his remaining causes of action, characterizing them as moot.
Upon the conclusion of defendants’ case, the action was submitted to the jury solely on the issue of damages. The jury awarded plaintiff the following damages: $131,243 for past lost income; $3,127,091 for future lost income; $22,748 for past lost health insurance; $1,835,711 for future lost health insurance; $20,414 for past lost annuity funding; $494,935 for future lost annuity funding; $1,230,630 for future lost retirement pension; $700,000 for future lost social security; $0 for past pain and suffering; and $5,000,000 for future pain and suffering.
Defendants made a posttrial motion seeking, inter alia: (1) to vacate the trial court’s directed verdict on liability with respect to plaintiffs Labor Law § 240 (1) claim; (2) to dismiss plaintiffs remaining causes of action as unsupported by sufficient evidence; (3) to set aside the jury’s verdict on economic damages as against the weight of the evidence and/or unsupported by sufficient evidence, and; (4) to set aside the jury’s verdict with respect to damages for future pain and suffering as excessive. Plaintiff, without opposing the portion of defendants’ motion seeking dismissal of his common-law cause of action and causes of action pursuant to Labor Law §§ 200 and 241 (6), opposed all other aspects of defendants’ motion. Additionally, plaintiff cross-moved to set aside the jury’s award for past pain and suffering as against the weight of the evidence and alternatively as insufficient.
The trial court granted defendants’ motion to vacate the verdict on plaintiff’s cause of action pursuant to Labor Law § 240 (1) and directed a new trial on that cause of action. The court also granted defendants’ motion to dismiss plaintiff’s *46 remaining causes of action, finding that the evidence at trial failed to establish any liability thereunder. Partially granting defendants5 motion to set aside or dismiss the jury’s award for economic damages, the trial court set aside the award for future economic damages, and as to those damages, ordered a new trial. Noting that the jury’s award for past pain and suffering was insufficient and that the jury’s award for future pain and suffering was excessive, the trial court set aside those damages and ordered a new trial if the parties did not stipulate to an amount with regard to those damages.
The parties appealed from the trial court’s order. With the exception of the trial court’s finding that the jury’s award for past pain and suffering was inadequate, plaintiff appealed every other aspect of the order. Defendants cross-appealed, asserting that the trial court erred in failing to set aside the jury’s award for past economic damages and ordering a new trial with respect to those damages. In addition, defendants argue that the trial court erred in failing to dismiss the claim for lost health insurance. We now modify.
The trial court properly granted defendants’ posttrial motion to set aside and vacate its prior order directing a liability verdict in plaintiffs favor on his Labor Law § 240 (1) cause of action. CPLR 4401 states that
“[a]ny party may move for judgment with respect to a cause of action or issue upon the ground that the moving party is entitled to judgment as a matter of law, after the close of the evidence presented by an opposing party with respect to such cause of action or issue” (emphasis added).
By its express language, the statute authorizes the grant of a motion for a directed verdict only if the opponent of the motion has presented evidence and closes his or her case. “The requirement that each party await the conclusion of the other’s case before moving for judgment [under CPLR 4401] is designed to afford all of them a day in court” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4401:5). Accordingly, the timing of a motion prescribed by CPLR 4401 must be strictly enforced and “the grant of a dismissal [pursuant to CPLR 4401] prior to the close of the opposing party’s case will be reversed as premature, even if the ultimate success of the opposing party in the action is improbable” (Cass v Broome County Coop. Ins. Co., 94 AD2d 822, 823 [1983] [citations omitted]; see also Alevy v Uminer, 88 AD3d 477, 477-478 [2011] [same]; *47 Boulevard Hous. Corp. v Bisk, 80 AD3d 430, 430 [2011] [directed judgment in favor of landlord premature when made prior to presentation of tenant’s case since it deprived tenant of an opportunity to present proof]; Sullivan v Goksan, 49 AD3d 344, 345 [2008] [motion for directed verdict premature when made prior to the close of opponent’s case]; Cetta v City of New York, 46 AD2d 762, 763 [1974]).
Here, plaintiffs salient argument in opposition to vacatur of the trial court’s initial grant of his motion for a directed verdict is that it was clear at the close of his case that defendants were not going to present any evidence on liability on their case-in-chief. As such, plaintiff avers that there was no impediment and indeed no prejudice to defendants when his application for a directed verdict was granted at the close of his case since the evidence before the court when he made his motion would be the very evidence before the court had he waited to make his motion at the close of defendants’ case. While persuasive, plaintiffs argument nevertheless finds no support in either CPLR 4401 or the relevant case law. The statute is clear and unambiguous with regard to the timing of the motion such that here it was error for the trial court to grant plaintiffs motion prior to the close, let alone the commencement, of defendants’ case. Whether a party plans to present evidence sufficient to defeat a motion for a directed verdict on his or her case-in-chief should in no way be dispositive to a court’s resolution of a premature motion pursuant to CPLR 4401 since a party is not always wedded to the presentation of evidence disclosed to the court and an adversary. This is especially true since a party can alter its trial strategy and in most cases its proof. Accordingly, granting a motion for a directed verdict prior to the presentation of an opponent’s case deprives the opponent of the opportunity to present the very evidence needed to defeat the motion.
Plaintiffs contention that defendants failed to preserve their objection to the trial court’s grant of his motion for a directed verdict is unavailing. An issue is unpreserved for appellate review when a party fails to object or objects on a different ground than the one raised on appeal (People v Autar, 54 AD3d 609 [2008], lv denied 11 NY3d 922 [2009]; see also Matter of Gonzalez v State Liq. Auth., 30 NY2d 108, 112 [1972] [“The rule is, that in order to preserve on appeal (t)he constitutional and legal issue . . . , a specific objection on constitutional and legal grounds must be made during the trial or hearing” *48 (internal quotation marks omitted)]). Here, in opposition to plaintiff’s motion for a directed verdict, defendants’ counsel stated that the motion was “premature in that defendant hadn’t had a chance to put on a defendant’s case.” Defendants also raised the prematurity argument in their memorandum submitted in support of their posttrial motion seeking to set aside the directed verdict. Accordingly, the record belies plaintiffs assertion that defendants’ objection to his motion for a directed verdict was merely that questions of fact precluded judgment in his favor.
Plaintiffs causes of action for common-law negligence and violations of Labor Law §§ 200 and 241 (6) were properly dismissed insofar as plaintiffs evidence at trial was legally insufficient to establish defendants’ liability thereunder. Preliminarily, we note that the trial court erred in failing to decide defendants’ motion for a directed verdict on these causes of action simply because it had granted plaintiffs motion for a directed verdict on his cause of action pursuant to Labor Law § 240 (1). Absent the grant of defendants’ motion to dismiss those claims or discontinuance by plaintiff, these causes of action did not become moot and should have been submitted to the jury. Notwithstanding the foregoing, defendants, within their post-trial motion, sought to have those causes of action dismissed, which the trial court, apparently realizing that these claims required disposition, properly granted.
Labor Law § 200 codifies an owner’s and general contractor’s common-law duty to provide workers with a safe place to work (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352 [1998]; Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Russin v Louis N. Picciano & Son, 54 NY2d 311, 316-317 [1981]; Allen v Cloutier Constr. Corp., 44 NY2d 290, 299 [1978]). Supervision and control are preconditions to liability under Labor Law § 200. In other words, the party against whom liability is sought must “have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition” (Rizzuto at 352 [emphasis omitted]). However,
“[t]he retention of the right to generally supervise the work, to stop the contractor’s work if a safety violation is noted, or to ensure compliance with safety regulations, does not amount to the supervision and control of the work site necessary to impose liability on an owner or general contractor pursuant *49 to Labor Law § 200” (Dennis v City of New York, 304 AD2d 611, 612 [2003]; Brown v New York City Economic Dev. Corp., 234 AD2d 33, 33 [1996] [oversight responsibility for work insufficient to impose liability under Labor Law § 200]; Carty v Port Auth. of NY. & N.J., 32 AD3d 732, 733 [2006], lv denied 8 NY3d 814 [2007]).
Here, since none of the evidence presented by plaintiff at trial established that defendants had the ability to control or supervise plaintiffs work, “there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion,” that defendants are liable under common-law negligence or pursuant to Labor Law § 200 (Cohen v Hallmark Cards, 45 NY2d 493, 499 [1978]).
Labor Law § 241 (6) imposes a duty of reasonable care upon owners, contractors and their agents, requiring them to provide reasonable and adequate protection to those employed in all areas where construction, excavation, or demolition is being conducted (Rizzuto at 348; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501-502 [1993]). Since, by its express terms, the statute empowers the Commissioner of the Department of Labor to “make rules to carry into effect the provisions of this subdivision,” liability under the statute requires proof that a particular, nongeneral rule promulgated by the Commissioner (those rules found in the Industrial Code) has been violated (Rizzuto at 349-350; Ross at 502-503).
Here, while plaintiff alleged that defendants violated both 12 NYCRR 23-1.7 (a) (1) and (2), his evidence at trial belied his assertions. 12 NYCRR 23-1.7 (a) (1) requires that “[e]very place where persons are required to work or pass that is normally exposed to falling material or objects ... be provided with suitable overhead protection.” Since plaintiff was breaking down a scaffold erected to prevent injury from a newly-installed collapsing ceiling, it is patently clear that defendants provided the very protection required by 12 NYCRR 23-1.7 (a) (1). Morever, because the work had been completed and the scaffold was being dismantled, the area where the accident occurred was no longer an area normally “exposed to falling material or objects.”
12 NYCRR 23-1.7 (a) (2) requires that “[w]here persons are lawfully frequenting areas exposed to falling material or objects but wherein employees are not required to work or pass, such exposed areas shall be provided with barricades, fencing or the equivalent in compliance with this Part (rule) to prevent in *50 advertent entry into such areas.” Clearly, this section of the code requires barricades to cordon off areas for the safety of those not required to work within the sectioned-off area. Since the very area where plaintiff was required to work was the area where he was injured, he was required to perform his work therein and no barricades were thus required. Accordingly, no rational view of the evidence proffered by plaintiff established a violation of Labor Law § 241 (6).
Having determined that plaintiff must retry his cause of action pursuant to Labor Law § 240 (1), we find that all damages must also be retried as a result (Soto v City of New York, 276 AD2d 449, 450 [2000] [“(A) money judgment in plaintiffs favor cannot be permitted to stand in advance of any sustainable verdict as to liability against defendant”]). Accordingly, and for this reason, the trial court properly set aside the jury’s awards for past and future pain and suffering as well as future economic damages. Based on the foregoing, however, the trial court erred in failing to set aside the awards for past economic damages.
Accordingly, the second amended order of the Supreme Court, Bronx County (Mary Ann Brigantti-Hughes, J.), entered April 6, 2011, which, inter alia, granted defendants’ motion to dismiss plaintiff’s Labor Law §§ 200 and 241 (6) and common-law negligence causes of action, vacated the directed verdict in favor of plaintiff on his Labor Law § 240 (1) cause of action, and ordered a new trial as to liability on this cause of action and on the issue of plaintiffs future economic damages and past and future pain and suffering, should be modified, on the law, to set aside the awards for past economic damages and direct that the new trial include the issue of past economic damages, and otherwise affirmed, without costs. The appeal from the order of the same court and Justice, entered March 23, 2011, should be dismissed, without costs, as superseded by the appeal from the order entered April 6, 2011.
Tom, J.P., Andrias, Catterson and Abdus-Salaam, JJ., concur.
Second amended order, Supreme Court, Bronx County, entered April 6, 2011, modified, on the law, the award for past economic damages set aside and a new trial ordered, and otherwise affirmed, without costs. Appeal from order, same court *51 and Justice, entered March 23, 2011, dismissed, without costs, as superseded by the appeal from the order entered April 6, 2011.