Casalini v Alexander Wolf & Son (2018 NY Slip Op 00246)





Casalini v Alexander Wolf & Son


2018 NY Slip Op 00246


Decided on January 16, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 16, 2018

Gische, J.P., Webber, Oing, Singh, Moulton, JJ.


102184/10 -590573/10 5229 590224/11 5228 5227

[*1]Michael Casalini, et al., Plaintiffs-Appellants,
v
Alexander Wolf & Son, etc., et al., Defendants-Respondents. Manhattan Mall Eat, LLC, et al., Defendants.
Manhattan Mall Eat, LLC, et al., Third-Party Plaintiffs, Strawberry Stores, Inc., et al., Third-Party Plaintiffs-Respondents,
v
Florin Painting, Inc., Third-Party Defendant-Respondent.
Alexander Wolf & Son a Division, etc., Second Third-Party Plaintiff-Respondent,
v
Florin Painting, Inc., Second Third-Party Defendant-Respondent.


Silboitz, Garafola, Silbowitz, Schatz & Frederick, LLP, New York (Jill B. Savedoff of counsel), for appellants.
Marshall Dennehey Warner Coleman & Goggin, New York (Richard Imbrogno of counsel), for respondents.



Order, Supreme Court, New York County (Carol R. Edmead, J.), entered March 17, 2016, which granted defendants Alexander Wolf & Son (Wolf), VNO West 100 West 33rd Street, LLC (VNO), and Gimstraw, LLC, s/h/a Strawberry Stores, Inc.'s (Strawberry, and together with VNO, the Owner Entities) in limine motion, made pursuant to CPLR 4401, and dismissed the complaint in its entirety, unanimously reversed, on the law, without costs, the motion denied, and the complaint reinstated. Appeals from orders, same court (Saliann Scarpulla, J.), entered July 19, 2012, and March 21, 2013, unanimously dismissed, without costs, as subsumed in the appeal from the March 17, 2016 order.
Plaintiff Michael Casalini was allegedly injured at work on the renovation of a Strawberry store when he slipped and fell on a pile of debris that he maintains was either created or left unremedied by Wolf. Plaintiff testified that the pile of construction materials included sheetrock, pieces of wire and pipes. It also included garbage such as soda cans, a coffee cup and [*2]pizza boxes. Plaintiff testified that the floor where he slipped was wet. Plaintiff contends that he slipped on the debris after descending a ladder, that the debris had not been there 10 or 15 minutes earlier, when he ascended the ladder, and that he saw the debris for the first time when he stepped into it.
A project manager for Wolf testified that the general contractor was responsible for removing debris from the site on an as needed basis. Debris would be removed more than once a day depending on the pace of the project. As part of the daily cleaning, moist green sawdust was spread on the floor. Workers would throw their own garbage on the floor that was swept into piles by laborers and removed by carts.
In March 2012, the Owner Entities moved for summary judgment on their crossclaims against Wolf for common-law indemnity. Wolf opposed and cross-moved seeking conditional summary judgment on its contractual indemnity claim against plaintiff's employer, Florin Paintings, LLC (Florin). By order entered July 19, 2012, the motion court, as relevant to this appeal, denied the Owner Entities' motion with respect to the common-law indemnification claim by finding that they "failed to show that . . . Wolf was negligent in failing to remove the debris that allegedly caused [plaintiff's] accident ... [,and] there [was] no evidence in the record that [Wolf] had notice of, or created, the pile of debris."
Subsequently, Florin, on behalf of the Owner Entities, moved for summary judgment dismissing only plaintiff's causes of action predicated upon violations of Labor Law § 241(6). Wolf cross-moved for summary judgment dismissing plaintiff's Labor Law § 241(6) as against it. Plaintiff cross-moved for an order granting him leave to reargue the July 19, 2012 order denying the Owner Entities common-law indemnification claim as against Wolf.
On March 21, 2013, the motion court held that Wolf and the Owner Entities were entitled to summary judgment only as to those Labor Law § 241(6) claims that were predicated on abandoned Industrial Code provisions. The motion court, however, denied Florin's motion and Wolf's cross motion for summary judgment as to 12 NYCRR 23-1.7(d), 23-1.7(e)(1) and 23-1.7(e)(2), finding that plaintiff adequately pleaded a violation of these codes that was sufficiently specific to support a Labor Law § 241(6) claim. The motion court also denied plaintiff's cross motion to reargue. In denying the cross motion, the motion court reiterated that the July 19, 2012 order merely held that no party had established that Wolf's negligence caused the accident. None of the defendants moved for summary judgment on the Labor Law § 200 or the common-law negligence claims. Four years later, prior to commencing a bench trial, the trial court, upon a motion in limine by defendants, dismissed the entire action with prejudice. The trial court found that the motion court's July 19, 2012 order held that Wolf "(1) did not have sufficient notice of; and (2) did not cause or create the debris condition that resulted in plaintiff['s] ... accident" and dismissed the complaint because "plaintiffs place the alleged violation of the Industrial Code squarely only on and with defendant [Wolf]."
The trial court erred in granting defendants' motion in limine because, as defendants' acknowledge in their brief, it was one for summary judgment. As such, it was untimely as it was brought more than 120 days from the filing of the note of issue (CPLR 3212[a]). Further, an issue of material fact cannot form the basis for granting a motion in limine because it is an "inappropriate device to obtain [summary] relief" (Downtown Art Co. v Zimmerman, 232 AD2d 270, 270 [1st Dept 1996]; see also State of New York v Metz, 241 AD2d 192 [1st Dept 1998]; Matter of PCK Dev. Co., LLC v Assessor of Town of Ulster, 43 AD3d 539, 540 [2d Dept 2007]).
To the extent that the motion was made pursuant to CPLR 4401, defendants could only make the application after the close of plaintiff's case. Here, plaintiffs were not given an opportunity to make an evidentiary showing before dismissal was granted. Therefore, defendants' CPLR 4401 motion was premature
and should not have been granted (Nieves v City of New York, 95 AD3d 612 [1st Dept 2012]).
Accordingly, the complaint is reinstated in its entirety.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 16, 2018
CLERK