NEMENCIO VEGA, as Administrator of the Estate of MARY L. RIVERA, Deceased, et al., Respondents, v GEORGE JACOBS, Respondent-Appellant, and CITY OF NEW YORK, Appellant-Respondent, et al., Defendant. — In a negligence action to recover damages for wrongful death and personal injuries, defendants Jacobs and the City of New York separately appeal, as limited by their briefs, from so much of a judgment of the Supreme Court, Kings County (Jordan, J.), entered March 10, 1980, as, upon a jury verdict, was in favor of the plaintiffs and against the appellants. Judgment reversed, insofar as appealed from, on the law, and as between plaintiffs and appellants, action severed and new trial granted, with costs to abide the event. This action arises out of an automobile accident which occurred on June 9, 1974 on Eastern Parkway in Brooklyn. Defendant George Jacobs' car mounted a curb and entered the pedestrian mall between Troy Avenue and Schenectady Avenue and struck a park bench upon which Mary Luz Rivera and Maria Montalvo were sitting. The former, 22 months old at the time of the accident, died instantaneously. Montalvo suffered severe injuries which resulted in the amputation of her right leg. At trial, plaintiffs sought to prove that Jacobs was liable for driving in a negligent manner. It was claimed that the City of New York was negligent by having allowed a large and deep puddle to accumulate unabated at the intersection of eastern Parkway and Troy Avenue, by allowing a "bump" in the road to exist at that location, and also by not having constructed barriers to prevent traffic from entering the pedestrian mall. It was plaintiffs' theory that the Jacobs' vehicle passed through the water and the bump, zig-zagged out of control towards oncoming traffic and then swerved back towards the pedestrian mall which it subsequently entered. We note an evidentiary error which caused substantial prejudice to defendant City of New York, mandating a new trial. Plaintiffs were allowed to introduce in evidence a computer printout (from the New York City Transportation Department) of numerous accidents which had occurred in and along Eastern Parkway between the two afore-mentioned intersections in the 17 months prior to the instant accident in their attempt to prove that the lack of barricades at the pedestrian mall curb was inherently dangerous. Although the issue of the defendant city's failure to erect barricades was not submitted to the jury, the jury still had before it the evidence of the prior accidents. Furthermore, following the court's charge, the

jury was allowed to determine whether the prior accidents were similar to the one at bar. This was improper. Evidence of prior accidents is admissible to establish the existence of a dangerous condition or to prove notice only if conditions are substantially the same. *(Gallagher v City of New York,* 30 AD2d 688; *Jasinski v New York Cent. R.R.,* 21 AD2d 456, 460-461.) It has been held that there must be a showing of the relevant conditions, including conditions of the pavement, prevailing at the time of the earlier accidents if their occurrences are to be made known to the jury. *(Kaplan v City of New York,* 6 AD2d 489, 491, mot for lv to rearg den 7 AD2d 845.) The computer print-outs did not list road conditions for the prior accidents and none listed water accumulation as a prime or contributing factor. Thus, the jury was improperly allowed to speculate. (See *Morrow v Westchester Elec. Ry. Co.,* 54 App Div 592.) In addition, the printouts were admitted prior to the testimony of the only witness who described in detail the accident scene. A determination that the conditions were similar could not have been made at the time the evidence was admitted. Finally, it was error for the Trial Judge to allow the jury to determine whether the conditions were similar. The proof of similarity must be established to the satisfaction of the trial court. *(Jasinski v New York Cent. R.R.,* 21 AD2d 456, 460-461, *supra.)* Hopkins, J.P., Titone, Rabin and Weinstein, JJ., concur.