■ MARILYN GOLDSTEIN et al., Appellants, v C. W. POST CENTER OF LONG ISLAND UNIVERSITY et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Levitt, J.), entered July 11, 1984, which dismissed the complaint during the course of a jury trial.

Judgment reversed, on the law, and new trial granted, with costs to abide the event.

On December 13, 1977, the plaintiff Marilyn Goldstein, a student at C. W. Post Center who was 50 years old at the time of the trial, fell on a wet, muddy staircase at the university. It had been raining most of the day. The trial court refused to permit proof of prior accidents on the staircase occasioned by its slippery nature. Specifically, the plaintiffs were prevented from presenting the testimony of three witnesses who had previously slipped on the same stairs, an expert as to the dangerousness of the marble composition and configuration of the stairs, particularly when wet, and a file showing that the

defendants had notice of a prior accident on the same stairs. The evidence was rejected on the basis that the plaintiffs failed to show that the conditions were "substantially" the same at the time of the prior accidents. The court primarily relied upon *Vega v Jacobs* (84 AD2d 813). *Vega* is inapposite, as the conditions of city "pavement", with daily changing weather, pothole and skyline configurations, cannot be considered substantially similar, without testimony to that effect. This case, however, involves an indoor marble staircase. The fact that the prior accidents may have occurred on dry slippery marble rather than wet slippery marble favors the admissibility of such evidence. If the defendants had notice that the stairs were slippery when dry, and therefore had an obligation to remedy that dangerous condition, it follows that they had a higher duty on rainy days when the stairs, as the plaintiffs' expert would have testified, would be more slippery if wet.

The court should have permitted evidence of such prior accidents which, when coupled with proof of rain prior to the accident, and viewing the evidence in a light most favorable to the plaintiffs, could have constituted notice of a dangerous condition, necessitating corrective action by the defendants *(see, Pignatelli v Gimbel Bros.,* 285 App Div 625; *affd* 309 NY 901; *Dolan v H. C. Bohack, Inc.,* 35 AD2d 672; *Katz v Wanamaker Philadelphia,* 381 PA 477, 112 A2d 65).

Moreover, the court acted inappropriately in dismissing the action before the plaintiffs rested. Orderly procedure required that the plaintiffs be permitted to complete their case. Even in a case where it seems that the plaintiffs' ultimate success in the action would be improbable, "the dismissal of the complaint before plaintiff[s] had concluded [their] case [would be] unduly precipitate" *(Budner v Giunta,* 16 AD2d 780, 781; *Cetta v City of New York,* 46 AD2d 762). We therefore, reverse and grant the plaintiffs a new trial. Lazer, J. P., Gibbons and Eiber, JJ., concur.

Mangano, J., dissents and votes to affirm the judgment appealed from, in the following memorandum, with which Niehoff, J., concurs: The plaintiff Marilyn Goldstein was injured on a rainy day in December 1977 when she slipped and fell on a wet and muddy marble staircase located on the C. W. Post Center of Long Island University. On appeal, the plaintiffs argue, *inter alia,* that an accident report of a prior accident occurring on the same staircase, which would have established notice to the defendants of the condition complained of, was improperly excluded. We disagree. The acci-

dent report does not indicate any of the circumstances of the prior accident, particularly whether the stairs were wet and muddy at the time, and as such, the plaintiffs failed to demonstrate to the court that the prior occurrence was substantially similar to the plaintiff Marilyn Goldstein's accident *(see, Vega v Jacobs,* 84 AD2d 813). This accident report was therefore properly excluded.

Moreover, since the plaintiffs' counsel indicated to the court that it had no other evidence to offer on the issue of notice, the court properly granted the defendants' motions to dismiss, even before the plaintiffs formally rested *(see, Bowers v Vial,* 78 AD2d 534; *Eddy v Tops Friendly Mkts.,* 91 AD2d 1203). We have examined the remaining arguments raised by the plaintiffs on appeal and find them to be either without merit or unpreserved for appellate review.