■ ISIAH CANTEEN, Appellant, v CITY OF WHITE PLAINS, Respondent, et al., Defendants.—In an action, *inter alia,* to recover damages for false imprisonment, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Marbach, J.), entered November 17, 1988, which, upon granting judgment as a matter of law to the defendants prior to the

conclusion of the plaintiff's case, is in favor of defendant City of White Plains and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, and a new trial is granted, with costs to abide the event.

The Supreme Court dismissed the plaintiff's action, grounded on false imprisonment, after the plaintiff's attorney had presented two witnesses (who were, respectively, an employee of the respondent and an employee of the respondent's codefendant J.C. Penney Company, Inc.) and before the plaintiff's counsel had completed his proof, thereby preventing the plaintiff's counsel, *inter alia,* from reading from the deposition transcript of an adverse party *(see,* CPLR 3117). Although the Supreme Court made note of its view of the merits of the case, it appears that the dismissal was premised primarily upon the plaintiff's counsel's failure to produce the plaintiff, whose absence had evidently already delayed proceedings.

We have often noted that it is inappropriate to dismiss a case for failure of proof before the plaintiff rests and in the absence of a properly grounded motion by the defendant for that relief *(see, e.g., Goldstein v Post Center,* 122 AD2d 196; *Balogh v H.R.B. Caterers,* 88 AD2d 136). The Supreme Court's dismissal here is unauthorized *(see, Balogh v H.R.B. Caterers, supra; cf., Matter of Holtzman v Goldman,* 71 NY2d 564, 573). In any event, it is not clear from the evidence presented that the plaintiff's warrantless arrest was justified by "reasonable cause" *(see,* CPL 70.10, 140.10), a defense which the defendants did not formally plead *(cf., Broughton v State of New York,* 37 NY2d 451; *Woodson v New York City Hous. Auth.,* 10 NY2d 30). Rather, the record before us demonstrates the existence of a factual issue as to whether police justifiably relied on an accusation that a crime had been committed when they handcuffed the plaintiff and removed him to a police station *(cf., Smith v County of Nassau,* 34 NY2d 18). Since reasonable people could differ as to whether the fabricated accusation against the plaintiff was on its face credible, the dismissal of the complaint for failure of proof would have been improper, even if it had been effectuated pursuant to proper procedures *(see, e.g., Smith v County of Nassau, supra; Goldstein v Post Center, supra).* Brown, J. P., Kooper, Harwood and Balletta, JJ., concur.