◼ RACHEL GREENBAUM, Appellant, v DWIGHT L. HERSHMAN, Respondent. [818 NYS2d 606]—

In an action to recover damages for dental malpractice and lack of informed consent, the plaintiff appeals, as limited by her brief, from so much of an amended judgment of the Supreme Court, Kings County (Jackson, J.), dated August 11, 2004, as, upon the sua sponte dismissal of the cause of action to recover damages for lack of informed consent before completion of her proof, is in favor of the defendant and against her dismissing that cause of action.

Ordered that the amended judgment is reversed insofar as appealed from, on the law, the cause of action to recover damages for lack of informed consent is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial limited to that cause of action, with costs to abide the event.

The Supreme Court improperly dismissed, sua sponte, the cause of action to recover damages for lack of informed consent before the plaintiff completed her proof (*see McGhee v New York City Hous. Auth.*, 243 AD2d 544 [1997]; *Canteen v City of White Plains*, 165 AD2d 856, 857 [1990]; *Goldstein v C.W. Post Ctr. of Long Is. Univ.*, 122 AD2d 196, 197 [1986]; *Balogh v H.R.B. Caterers*, 88 AD2d 136, 141 [1982]). The plaintiff should have been afforded the opportunity to conclude her case and present "expert medical testimony in support of the alleged qualitative

insufficiency of the consent" (CPLR 4401-a). The Supreme Court's error cannot be considered harmless since the preclusion of evidence related to the informed consent issue and failure to submit the cause of action to the jury prevented the plaintiff from potentially obtaining a verdict in her favor on that cause of action. Accordingly, a new trial is granted on that cause of action. Crane, J.P., Spolzino, Fisher and Lunn, JJ., concur.