■ GINETTE JEAN-LOUIS, Appellant, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Respondent. [875 NYS2d 195]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Queens County (Dorsa, J.), entered June 30, 2008, as, upon an order dated September 17, 2007, granting the motion of the defendant New York City Transit Authority pursuant to CPLR 4401 for judgment as a matter of law, made before the close of the plaintiff's case, is in favor of that defendant and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that, on the Court's own motion, the plaintiff's notice of appeal from the order dated September 17, 2007, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the order dated September 17, 2007, is modified accordingly, the motion is denied, the complaint is reinstated as to the defendant New York City Transit Authority, and the matter is remitted to the Supreme Court, Queens County, for a new trial, with costs to abide the event.

On December 5, 2003, the plaintiff slipped and fell outside a bus depot in South Jamaica, Queens. At trial, the plaintiff testified that she slipped on a piece of metal covered with snow and ice. However, she could not identify the piece of metal shown in a photograph of the accident site that had been taken at some point after the accident. At the end of the plaintiff's testimony, before two of her witnesses had the opportunity to testify, the defendant New York City Transit Authority (hereinafter the defendant) moved pursuant to CPLR 4401 for judgment as a matter of law on the ground that the plaintiff could not identify the

cause of her fall. The court granted the defendant's motion and dismissed the complaint insofar as asserted against it.

The court erred in dismissing the complaint insofar as asserted against the defendant before the plaintiff had completed her proof (see *Greenbaum v Hershman*, 31 AD3d 607 [2006]; *Balogh v H.R.B. Caterers*, 88 AD2d 136, 141 [1982]). The plaintiff should have been afforded the opportunity to call her niece, who allegedly witnessed the accident, and her expert, to testify (see *Greenbaum v Hershman*, 31 AD3d 607 [2006]). Rivera, J.P., Leventhal, Belen and Chambers, JJ., concur.