(June 9, 2011)

1   NANCY BOTWINIK, Appellant, v MICHAEL D. MOSESON, M.D., et al., Respondents. [925 NYS2d 34]—

Judgment, Supreme Court, Nassau County (F. Dana Winslow, J.), entered on or about September 28, 2009, in favor of defendants, dismissing the complaint, and bringing up for review an order, same court and Justice, entered on or about May 18, 2009, which granted defendants' oral motion in limine to preclude the testimony of plaintiff's expert and dismiss this medical malpractice action, unanimously reversed, on the law without costs, the motion denied, and the complaint reinstated.

In making their oral motion, after the jury was empaneled and before opening arguments, defendants argued that plaintiff's proposed expert, though a highly qualified registered nurse, lacked the necessary qualifications to give a medical opinion as to the requisite standard of informed consent (*see* CPLR 4401-a; *Orphan v Pilnik*, 15 NY3d 907 [2010]).

In opposition, plaintiff relied partially upon the deposition testimony of the defendant doctor which was not before the court, and the CPLR 3101 (d) disclosure of the nurse's opinion. In addition, plaintiff orally cross-moved to substitute the

testimony of a medical doctor for the testimony of the nurse, if the court ruled that plaintiff's offer was inadequate to establish the requisite prima facie claim. Apparently the court gave plaintiff's counsel a break to research the issue of the nurse's qualification to give an opinion under New York law, but did not read the deposition testimony. The court granted defendants' in limine motion and sub silentio denied plaintiff's.

CPLR 4401-a states that "[a] motion for judgment at the *end of the plaintiff's case* must be granted as to any cause of action for medical malpractice based solely on lack of informed consent if the plaintiff has failed to adduce expert medical testimony in support of the alleged qualitative insufficiency of the consent" (emphasis added).

The grant of dismissal pursuant to CPLR 4401-a was an abuse of discretion, given that the timing of defendants' oral application was not at the end of plaintiff's case, the record on which the court ruled was sparse and the court failed to consider plaintiff's offer to substitute a medical doctor's opinion for the nurse's (*see Jean-Louis v City of New York*, 60 AD3d 737, 738 [2009] [court erred in dismissing the complaint before the plaintiff had completed her proof]; *Greenbaum v Hershman*, 31 AD3d 607, 607 [2006] ["plaintiff should have been afforded the opportunity to conclude her case" and present expert medical testimony regarding the qualitative insufficiency of her consent]).

Because defendants chose to move orally as opposed to making a formal motion on notice, plaintiff had little opportunity to develop a full record and be heard. Moreover, courts favor disposition of cases on the merits rather than on oral application made after a jury is empaneled and waiting (*see Murray v Brookhaven Mem. Hosp. Med. Ctr.*, 73 AD3d 878, 879 [2010]; *Williams v Naylor*, 64 AD3d 588, 589 [2009]).

Accordingly, we reverse, deny defendants' motion and reinstate the complaint. Concur—Gonzalez, P.J., Mazzarelli, Moskowitz, Acosta and Román, JJ.