■ RAYMOND BURBIGE, Appellant, v SIBEN & FERBER et al., Respondents. [931 NYS2d 898]—

The plaintiff commenced this legal malpractice action alleging, inter alia, that the defendants were negligent in failing to diligently prosecute a products liability action against the manufacturer of a ladder which broke while the plaintiff was descending it. After the conclusion of opening statements, the defendants' counsel moved, in effect, pursuant to CPLR 4401 for judgment as a matter of law or, in the alternative, for an offer of proof. The trial court reserved decision. However, before the close of the plaintiff's case, the court granted the defendants' motion based upon the plaintiff's failure to make an offer of proof that he would have been successful in the underlying products liability action by offering expert testimony that the ladder from which he fell was defective.

The trial court erred in granting that branch of the defendants' motion which was, in effect, pursuant to CPLR 4401 for judgment as a matter of law, and dismissing the action before the plaintiff rested (*see* CPLR 4401; *Greenbaum v Hershman*, 31 AD3d 607 [2006]; *McGhee v New York City Hous. Auth.*, 243 AD2d 544 [1997]; *Goldstein v C.W. Post Ctr. of Long Is. Univ.*, 122 AD2d 196 [1986]). A motion for judgment as a matter of law is to be made at the close of an opposing party's case or at any time on the basis of admissions (*see* CPLR 4401), and the grant of such a motion prior to the close of the opposing party's case generally will be reversed as premature even if the ultimate success of the opposing party in the action is improbable (*see Cass v Broome County Coop. Ins. Co.*, 94 AD2d 822 [1983]; *see also Canteen v City of White Plains*, 165 AD2d 856 [1990]; *Goldstein v C.W. Post Ctr. of Long Is. Univ.*, 122 AD2d at 197; *Page v City of New York*, 79 AD2d 573 [1980]; *Cetta v City of New York*, 46 AD2d 762 [1974]; *Budner v Giunta*, 16 AD2d 780 [1962]; *cf. Clifford v Sachem Cent. School Dist. at Holbrook*, 271 AD2d 470, 470-471 [2000]). Therefore, the judgment must be reversed and a new trial granted to the plaintiff. Skelos, J.P., Hall, Lott and Roman, JJ., concur.