■ GISELE KAMANOU, Appellant, v YVONNE BERT, Respondent, et al., Defendant. [941 NYS2d 260]—

In an action to recover damages for defamation and tortious interference with contract, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered May 7, 2010, which, upon the granting of a motion of the defendant Yvonne Bert, in effect, pursuant to CPLR 4401 for judgment as a matter of law, made before the close of the plaintiff's case, is in favor of the defendant Yvonne Bert and against her dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is reversed, on the law, with costs, the motion of the defendant Yvonne Bert, in effect, pursuant to CPLR 4401 for judgment as a matter of law is denied, the complaint is reinstated, and a new trial is granted.

The Supreme Court erred in granting the motion of the defendant Yvonne Bert, in effect, pursuant to CPLR 4401 for judgment as a matter of law, and dismissing the complaint insofar as asserted against her before the plaintiff presented her case (*see* CPLR 4401). "A motion for judgment as a matter of law is to be made at the close of an opposing party's case or at any time on the basis of admissions (*see* CPLR 4401), and the grant of such a motion prior to the close of the opposing party's case generally will be reversed as premature even if the ultimate success of the opposing party in the action is improbable" (*Burbige v Siben & Ferber*, 89 AD3d 661, 662 [2011]; *see Canteen v City of White Plains*, 165 AD2d 856 [1990]; *Goldstein v C.W. Post Ctr. of Long Is. Univ.*, 122 AD2d 196 [1986]; *Cass v Broome County Coop. Ins. Co.*, 94 AD2d 822, 823 [1983]; *Page v City of New York*, 79 AD2d 573 [1980]). Although the plaintiff, who appeared at trial pro se, advised the Supreme Court that she did not bring any witnesses, the Supreme Court should have afforded her the opportunity to testify with an interpreter and present evidence on her own behalf (*see* CPLR 4512) before granting Bert's motion for judgment as a matter of law pursuant to CPLR 4401. Therefore, the judgment must be reversed, the motion denied, the complaint reinstated, and a new trial granted.

The plaintiff's remaining contentions either are without merit or not properly before us on this appeal (*see* CPLR 5501 [a] [1]). Dillon, J.P., Angiolillo, Florio and Cohen, JJ., concur.