The Supreme Court erred in granting the defendants’ separate motions, in effect, pursuant to CPLR 4401 for judgment as a matter of law, and in dismissing the complaint before the plaintiff presented his case. “ ‘A motion for judgment as a matter of law is to be made at the close of an opposing party’s case or at any time on the basis of admissions (see CPLR 4401), and the granting of such a motion prior to the close of the opposing party’s case generally will be reversed as premature even if the ultimate success of the opposing party in the action is improb *686 able’ ” (Kamanou v Bert, 94 AD3d 704, 704 [2012], quoting Burbige v Siben & Ferber, 89 AD3d 661, 662 [2011]). Here, the court should have afforded the plaintiff the opportunity to present evidence to the jury before granting the defendants’ separate motions for judgment as a matter of law. Therefore, we reverse the judgment, deny the motions, vacate the order entered January 30, 2009, made upon reargument, reinstate the complaint, and remit the mater to the Supreme Court for a new trial, to be conducted before a different Justice.
The Supreme Court, however, did not improvidently exercise its discretion in denying the plaintiff’s motion pursuant to CPLR 3126 to strike the answer of the defendant P&T Contracting Corp. (see CPLR 3126 [3]; Masik v Lutheran Med. Ctr., 92 AD3d 732 [2012]; Orgel v Stewart Tit. Ins. Co., 91 AD3d 922, 924 [2012]). Angiolillo, J.P., Florio, Belen and Roman, JJ., concur.