■ LAWRENCE SCHULTZ, by His Court-Appointed Special Property Management Guardian, SABRINA E. MORRISEY, ESQ., Appellant, v HI-TECH CONSTRUCTION AND MANAGEMENT SERVICE, INC., et al., Respondents. [998 NYS2d 385]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Bayne, J.), dated December 6, 2012, which, upon the granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the motion is denied, the complaint is reinstated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The plaintiff allegedly sustained personal injuries when he fell from a ladder at a work site. The plaintiff commenced this action alleging a violation of Labor Law § 200 and common-law negligence. The defendants moved for summary judgment dismissing the complaint, and that motion was denied by the Supreme Court in an order dated March 19, 2009.

At trial, the plaintiff testified and presented the testimony of the defendant Abdul Khaliq Sageer. Prior to the close of the plaintiff's case, the Supreme Court granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint, concluding that there was no evidence of a dangerous condition at the work site. The Supreme Court thereafter entered judgment in favor of the defendants and against the plaintiff dismissing the complaint.

The Supreme Court should have denied the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. "A motion for judgment as a matter of law is to be made at the close of an opposing party's case or at any time on the basis of admissions (see CPLR 4401), and the grant of such a motion prior to the close of the opposing party's case generally will be reversed as premature even if the ultimate success of the opposing party in the action is improbable''

(*Burbige v Siben & Ferber*, 89 AD3d 661, 662 [2011]; *see Pipelias v City of New York*, 99 AD3d 685, 685-686 [2012]; *Kamanou v Bert*, 94 AD3d 704, 704 [2012]).

Here, the Supreme Court should not have considered the merits of the defendants' motion until the close of the plaintiff's case (*see Pipelias v City of New York*, 99 AD3d at 685-686; *Kamanou v Bert*, 94 AD3d at 704; *Burbige v Siben & Ferber*, 89 AD3d at 662). Furthermore, contrary to the Supreme Court's conclusion, the plaintiff's theory of the case—that the defendants created a dangerous condition on the premises by placing the ladder in an inherently precarious position—did not warrant premature consideration of the defendants' CPLR 4401 motion (*cf. Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *Tomecek v Westchester Additions & Renovations, Inc.*, 97 AD3d 737, 739 [2012]; *Loreto v 376 St. Johns Condominium, Inc.*, 15 AD3d 454, 455 [2005]). Accordingly, we reverse the judgment, deny the defendants' motion pursuant to CPLR 4401, reinstate the complaint, and remit the matter for a new trial.

The defendants' remaining contentions are without merit. Skelos, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.