■ JOAQUIN NORIEGA, Appellant, v M.A. ANGELIADES, INC., Respondent. (And a Third-Party Action.) [13 NYS3d 146]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Bayne, J.), dated December 20, 2013, as, upon granting the defendant's motion in limine to preclude certain testimony, and upon granting the defendant's application, made at trial, to dismiss the causes of action alleging common-law negligence and a violation of Labor Law § 200, is in favor of the defendant and against him dismissing those causes of action.

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the defendant's motion in limine

to preclude certain testimony and its application to dismiss the causes of action alleging common-law negligence and a violation of Labor Law § 200 are denied, those causes of action are reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Following jury selection but before opening statements, the defendant made a motion in limine to preclude a witness from testifying as to a conversation he had with one of the defendant's employees. Oral argument was had on the motion, without affording the plaintiff an opportunity to submit written opposition. The Supreme Court determined that the subject conversation was inadmissible hearsay, and granted the motion. The defendant then made an application to dismiss the causes of action alleging common-law negligence and a violation of Labor Law § 200, arguing that the plaintiff lacked the necessary proof to support the imposition of liability on those causes of action. At the court's request, the plaintiff made an offer of proof, but the court then granted the defendant's application, finding that the plaintiff had not shown that he had evidence to support the imposition of liability on the causes of action alleging common-law negligence and a violation of Labor Law § 200.

The Supreme Court erred when it granted the defendant's motion in limine to preclude the witness from testifying as to a conversation he had with one of the defendant's employees, as the testimony was not offered to prove the truth of the matter asserted (*see Matter of Oberle v Caracappa*, 133 AD2d 202 [1987]).

The Supreme Court also erred when it granted the defendant's application to dismiss the causes of action alleging common-law negligence and a violation of Labor Law § 200. At that juncture in the litigation, those causes of action could only be dismissed, as relevant here, if they were conclusively defeated by an admission or statement made by the plaintiff during his offer of proof (*see Fudge v North Shore-Long Is. Jewish Health Servs. Plainview & Manhasset Hosps.*, 117 AD3d 783 [2014]; *Becker v David Askin, Jr., Inc.*, 36 AD2d 520 [1971]; *see also Hoffman House, N.Y. v Foote*, 172 NY 348 [1902]; *Ballantyne v City of New York*, 19 AD3d 440, 440-441 [2005]; *De Vito v Katsch*, 157 AD2d 413, 421 [1990]). Here, the plaintiff counsel's statement as to the evidence he intended to present did not justify dismissal of the causes of action alleging common-law negligence and a violation of Labor Law § 200 (*see Becker v David Askin, Jr., Inc.*, 36 AD2d at 520; *see also Treile v Brooklyn Tillary, LLC*, 120 AD3d 1335, 1338-1339 [2014]; *De Vito v Katsch*, 157 AD2d at 421).

Moreover, the Supreme Court violated the doctrine of law of the case. It is undisputed that the court previously denied that branch of a prior motion by the defendant which was for summary judgment dismissing the causes of action alleging common-law negligence and a violation of Labor Law § 200. No new evidence was presented during the motion to preclude. Thus, by entertaining the defendant's application to dismiss, the court, in effect, improperly permitted the defendant to reargue that branch of its summary judgment motion seeking the dismissal of those causes of action without affording the plaintiff the opportunity to submit written opposition (*see Brownrigg v New York City Hous. Auth.*, 29 AD3d 721, 722 [2006]).

The defendant's remaining contention is without merit. Rivera, J.P., Chambers, Miller and Duffy, JJ., concur.