OPINION OF THE COURT
Memorandum.
Ordered that, on the court’s own motion, the notice of appeal from the decision dated October 17, 2013 is deemed a premature notice of appeal from the judgment entered April 4, 2014 (see CPLR 5520 [c]); and it is further, ordered that the judgment is reversed, without costs, the order dated February 10, 2014 granting defendant’s oral application, pursuant to CPLR 4401, for judgment as a matter of law, is vacated, defendant’s oral application is denied, and the matter is remitted to the Civil Court for trial.
In this dental malpractice action, on the date scheduled for trial, defense counsel requested that plaintiff, who was self-represented, make an offer of proof as to whether she intended to present expert testimony at the trial. Plaintiff responded that she had not retained an expert witness. Prior to the commencement of trial, the Civil Court granted defendant’s oral application, pursuant to CPLR 4401, for judgment as a matter of law dismissing the complaint. In a decision dated October 17, 2013 and an order dated February 10, 2014, the Civil Court dismissed the complaint on the ground that plaintiff could not establish a prima facie case without calling an expert witness. A judgment dismissing the complaint was entered on April 4, 2014. We deem plaintiff’s notice of appeal from the decision to be a premature notice of appeal from the judgment (see CPLR 5520 [c]).
In our opinion, the Civil Court erred in granting defendant’s oral application, pursuant to CPLR 4401, for judgment as a *61 matter of law dismissing the complaint before plaintiff had an opportunity to present her case.
“A motion for judgment as a matter of law is to be made at the close of an opposing party’s case or at any time on the basis of admissions (see CPLR 4401), and the grant of such a motion prior to the close of the opposing party’s case generally will be reversed as premature even if the ultimate success of the opposing party in the action is improbable” (Burbige v Siben & Ferber, 89 AD3d 661, 662 [2011]; see Schultz v Hi-Tech Constr. & Mgt. Serv., Inc., 124 AD3d 754 [2015]; Canteen v City of White Plains, 165 AD2d 856 [1990]; Goldstein v C.W. Post Ctr. of Long Is. Univ., 122 AD2d 196 [1986]).
While expert testimony is typically required in a dental malpractice action (see Blum v Yuabov, 12 Misc 3d 139[A], 2006 NY Slip Op 51333 [U] [App Term, 2d Dept, 2d & 11th Jud Dists 2006]; Davis v Levine, 4 Misc 3d 143[A], 2004 NY Slip Op 51101[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2004]), there are some cases in which a prima facie case of dental malpractice can be established without expert testimony (see 76 NY Jur 2d, Malpractice §§ 361, 370; see also Zettler v Reich, 256 App Div 631 [1939], affd 281 NY 729 [1939]).* Indeed, in a malpractice action, a plaintiff may even call the defendant as a witness. Consequently, although plaintiff advised the Civil Court, prior to the commencement of trial, that she had not procured an expert witness to testify on her behalf, the Civil Court should have afforded plaintiff an opportunity to present her case before entertaining defendant’s application, notwithstanding that the likelihood of plaintiff’s “ultimate success . . . in the action [was] improbable” (Burbige v Siben & Ferber, 89 AD3d at 662).
The dissent disapproves of our raising an issue which was not argued by plaintiff in her appellate brief, i.e., the timing of defendant’s motion. While it is true, as the dissent points out, that appellate courts “are not in the business of blindsiding litigants, who expect us to decide their appeals on rationales advanced by the parties, not arguments [that] their adversaries never made” (Misicki v Caradonna, 12 NY3d 511, 519 [2009]), the Court of Appeals has acknowledged that appellate judges do not “sit as automatons” (id., quoting dissenting Judge *62 Smith’s reference [12 NY3d at 525] to Karger, Powers of the New York Court of Appeals § 17:1 at 591 [3d ed rev 2005]), thereby recognizing that, in a proper case, an appellate court may itself raise an issue where the appellant has failed to do so.
Indeed, there is precedent for an appellate court, on its own initiative, to raise the prematurity of an order granting dismissal of a complaint pursuant to CPLR 4401. In Kamanou v Bert (94 AD3d 704 [2012]), the Appellate Division, Second Department, was presented with the identical fact pattern, i.e., the Supreme Court had granted the defendant’s motion, pursuant to CPLR 4401, for judgment as a matter of law dismissing the complaint insofar as asserted against her, which motion was made before the plaintiff presented her case. The Appellate Division reversed the Supreme Court’s judgment on the ground that the granting of the motion was premature. An examination of the plaintiff’s appellate briefs in the Kamanou case reveals that, just as here, the plaintiff did not specifically raise the issue of prematurity as a ground for reversal of the judgment.
The dissent also suggests that, in any event, plaintiff’s acknowledgment that she did not have an expert witness supports a finding that defendant’s motion was timely, since a motion for judgment may be made “at any time” (CPLR 4401) where it is based on admissions, which, the dissent argues, is the case here. However, a motion for judgment based on admissions should be granted only when there is a deliberate and intentional statement or admission of “some fact that, in any view of the case, is fatal to the action” (Hoffman House, N.Y. v Foote, 172 NY 348, 351 [1902]). “[T]he admissions must be so self-defeating as to irreparably preclude all possibility of judgment” (De Vito v Katsch, 157 AD2d 413, 416 [1990]). Because, as previously discussed, plaintiff did not necessarily need an expert witness to prove her case, plaintiff’s assertion that she did not have such a witness was not fatal to her cause of action and thus was not the type of “admission” contemplated by CPLR 4401.
Accordingly, the judgment is reversed, the order granting defendant’s oral application for judgment as a matter of law is vacated, defendant’s application is denied, and the matter is remitted to the Civil Court for trial.

 We note that the record, by which we are bound, does not indicate that the Civil Court was aware of plaintiff’s alleged injuries or of the nature of the alleged dental malpractice.