Fishon v Richmond Univ. Med. Ctr. (2019 NY Slip Op 02682)





Fishon v Richmond Univ. Med. Ctr.


2019 NY Slip Op 02682


Decided on April 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-06293
 (Index No. 100758/14)

[*1]Renee Fishon, etc., respondent, 
v
Richmond University Medical Center, appellant.


Vigorito, Barker, Porter & Patterson, LLP (Mauro Lilling Naparty LLP, Woodbury, NY [Caryn L. Lilling and Seth M. Weinberg], of counsel), for appellant.
Krentsel & Guzman, LLP, New York, NY (Jeffrey A. Guzman and Julie T. Mark of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, wrongful death, and violation of the common-law right of sepulcher, the defendant appeals, by permission, from an order of the Supreme Court, Richmond County (Alan C. Marin, J.), dated June 15, 2017. The order granted the plaintiff's oral application, in effect, to strike the defendant's answer based on spoliation of evidence and for judgment as a matter of law on the issue of liability. By decision and order on motion dated August 1, 2017, this Court, inter alia, stayed the trial in the action pending hearing and determination of this appeal.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's oral application, in effect, to strike the defendant's answer and for judgment as a matter of law on the issue of liability is denied, and the defendant's answer is reinstated.
In June 2014, the plaintiff, as administrator of the decedent's estate, commenced this action to recover damages for medical malpractice, wrongful death, and violation of the common-law right of sepulcher following the decedent's death on June 16, 2012. During jury selection, the plaintiff made an oral application, in effect, to strike the defendant's answer and for judgment as a matter of law on the issue of liability based on the defendant's alleged spoliation of evidence relating to certain telemetry strips and the defendant's failure to perform an autopsy on the decedent. In opposition, the defendant argued, among other things, that the Supreme Court had previously denied that branch of a prior motion by the plaintiff which was to strike the defendant's answer based on the defendant's alleged spoliation of evidence. In the order appealed from, the court granted the plaintiff's oral application, in effect, to strike the defendant's answer and for judgment as a matter of law on the issue of liability. The defendant appeals.
"A motion for judgment as a matter of law is to be made at the close of an opposing party's case or at any time on the basis of admissions (see CPLR 4401), and the grant of such a motion prior to the close of the opposing party's case generally will be reversed as premature even if the ultimate success of the opposing party in the action is improbable" (Burbige v Siben & Ferber, 89 AD3d 661, 662; see Pipelias v City of New York, 99 AD3d 685). Here, the plaintiff's oral application, which was made during jury selection, was not based on any admissions by the [*2]defendant, and the Supreme Court should not have considered the merits of the plaintiff's application at that juncture (see Noriega v M.A. Angeliades, Inc., 129 AD3d 1043, 1045; Pipelias v City of New York, 99 AD3d at 685-686; Kamanou v Bert, 94 AD3d 704).
Furthermore, the Supreme Court violated the law of the case doctrine. "The doctrine of the law of the case' is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned" (Martin v City of Cohoes, 37 NY2d 162, 165; see Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d 667, 669; Ramanathan v Aharon, 109 AD3d 529, 530; Erickson v Cross Ready Mix, Inc., 98 AD3d 717, 717). The doctrine forecloses reexamination of an issue previously determined by a court of coordinate jurisdiction "absent a showing of newly discovered evidence or a change in the law" (Kaygreen Realty Co., LLC v IG Second Generation Partners, L.P., 116 AD3d at 669; see Martin v City of Cohoes, 37 NY2d at 165).
Here, the Supreme Court violated the doctrine of law of the case by disregarding the prior order denying that branch of the plaintiff's earlier motion which was to strike the defendant's answer based upon the same evidentiary issues (see Aguilar v Feygin, 151 AD3d 798, 799; Noriega v M.A. Angeliades, Inc., 129 AD3d at 1045; Fudge v North Shore-Long Is. Jewish Health Servs. Plainview & Manhasset Hosps., 117 AD3d 783, 785).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied the plaintiff's application, in effect, to strike the defendant's answer and for judgment as a matter of law on the issue of liability.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court