Fuchs v Long Beach Med. Ctr. (2021 NY Slip Op 06153)





Fuchs v Long Beach Med. Ctr.


2021 NY Slip Op 06153


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI
WILLIAM G. FORD, JJ.


2018-12768
 (Index No. 11653/07)

[*1]Ava Fuchs, appellant, 
v
Long Beach Medical Center, et al., respondents, et al., defendants.


Gary A. Lichtman, New York, NY, for appellant.
Gabriele & Marano, LLP, Garden City, NY (Jennifer Larkin-Higgins and Melissa Goldberg of counsel), for respondent Long Beach Medical Center.
Helwig, Henderson, Gray & Spinola, LLP, Syosset, NY (Pamela Gleit of counsel), for respondent Scott Gorenstein.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 14, 2018. The order, in effect, upon reargument, adhered to prior determinations granting the motion of the defendant Scott Gorenstein to limit the damages claimed by the plaintiff, and granting the separate motions of the defendants Long Beach Medical Center and Scott Gorenstein pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs, and, upon reargument, the determinations granting the motion of the defendant Scott Gorenstein to limit the damages claimed by the plaintiff, and granting the separate motions of the defendants Long Beach Medical Center and Scott Gorenstein pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them, are vacated, and thereupon, the motions are denied, a judgment of the same court entered March 29, 2018, in favor of those defendants and against the plaintiff dismissing the complaint insofar as asserted against them is vacated, and the matter is remitted to the Supreme Court, Nassau County, for a new trial.
In July 2006, the plaintiff was taken by ambulance to the emergency department of the defendant Long Beach Medical Center (hereinafter LBMC) after she suffered a fall. The defendant Scott Gorenstein examined the plaintiff, who was allegedly complaining of severe pain in her lower back, and discharged her with instructions to take pain medication. Shortly thereafter, the plaintiff returned to LBMC, again complaining of severe pain. The plaintiff was again examined by Gorenstein, and eventually admitted to the hospital.
Several hours later, diagnostic testing was ordered which revealed that the plaintiff had suffered a rib fracture near the area of the left kidney. After a CT scan was interpreted to reveal a lacerated spleen, the plaintiff was taken to an operating room for exploratory surgery. During the surgery, it was determined that the plaintiff's spleen was intact, and that the source of the bleeding [*2]revealed on the CT scan was her left kidney. Steven Harris, a urologist, was called in, and he decided that it was necessary to remove the plaintiff's left kidney.
The plaintiff commenced this action, inter alia, to recover damages for medical malpractice against, among others, LBMC and Gorenstein (hereinafter together the defendants). The matter proceeded to trial, at which point Gorenstein moved to limit the plaintiff's damages by excluding any claim of pain and suffering prior to the removal of her kidney. The Supreme Court granted the motion, and the trial continued. Before the close of the plaintiff's case, the defendants separately moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the defendants' motions. A judgment was entered on March 29, 2018, in favor of the defendants and against the plaintiff dismissing the complaint insofar as asserted against them.
Thereafter, the plaintiff moved, inter alia, in effect, for leave to reargue her opposition to Gorenstein's application to limit her damages claim and to the defendants' motions pursuant to CPLR 4401. In an order entered August 14, 2018, the Supreme Court, in effect, upon reargument, adhered to the prior determinations. The plaintiff appeals.
Initially, although as a general rule we do not consider any issue raised on a subsequent appeal that was raised, or could have been raised, in an earlier appeal that was dismissed for lack of prosecution, we have the inherent jurisdiction to do so (see Rubeo v National Grange Mut. Ins. Co., 93 NY2d 750; Bray v Cox, 38 NY2d 350). Here, the plaintiff appealed from the March 29, 2018 judgment entered in favor of the defendants, and that appeal was dismissed for lack of prosecution. Nevertheless, under the circumstances, including that the appeal from the judgment was still pending at the time the notice of appeal was filed from the subject order made upon reargument, we exercise our jurisdiction to review the issues properly raised on the appeal from the order (see Neuburger v Sidoruk, 60 AD3d 650, 651).
The Supreme Court erred in granting the defendants' motions pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against each of them. "A motion for judgment as a matter of law is to be made at the close of an opposing party's case or at any time on the basis of admissions (see CPLR 4401), and the grant of such a motion prior to the close of the opposing party's case generally will be reversed as premature even if the ultimate success of the opposing party in the action is improbable" (Burbige v Siben & Ferber, 89 AD3d 661, 662; see Fishon v Richmond Univ. Med. Ctr., 171 AD3d 873, 873-874). Here, the defendants' motions for judgment as a matter of law dismissing the complaint were made before the close of the plaintiff's case, and were not based upon admissions by the plaintiff. As a result, the defendants' motions were premature and should have been denied (see Fishon v Richmond Univ. Med. Ctr., 171 AD3d at 874; Schultz v Hi-Tech Constr. & Mgt. Serv., Inc., 124 AD3d 754, 754-755; Pipelias v City of New York, 99 AD3d 685; Burbige v Siben & Ferber, 89 AD3d at 662).
The Supreme Court also should have denied Gorenstein's motion to limit the plaintiff's damages by excluding any claim of pain and suffering prior to the removal of her kidney. The plaintiff correctly contends that a fair reading of the bills of particulars sets forth such a claim for damages (see CPLR 3043[a][6]; Kaplan v Rosiello, 16 AD3d 626, 627).
The parties' remaining contentions are either without merit or not properly before this Court.
Accordingly, we reverse the order, vacate the judgment, and remit the matter to the Supreme Court, Nassau County, for a new trial.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.

2018-12768 DECISION & ORDER ON MOTION
Ava Fuchs, appellant, v Long Beach Medical Center,
et al., respondents, et al., defendants.
(Index No. 11653/07)

Cross motion by the defendant Long Beach Medical Center, inter alia, to dismiss an appeal from an order of the Supreme Court, Nassau County, entered August 14, 2018, on the ground that no appeal lies from an order denying reargument. By decision and order on motion of this Court dated July 29, 2019, inter alia, that branch of the cross motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the cross motion which is to dismiss the appeal on the ground that no appeal lies from an order denying reargument is denied.
RIVERA, J.P., BRATHWAITE NELSON, IANNACCI and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court