Bank of N.Y. Mellon v Waheed (2023 NY Slip Op 02774)

Bank of N.Y. Mellon v Waheed

2023 NY Slip Op 02774

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
LARA J. GENOVESI, JJ.

2021-06987
 (Index No. 34575/09)

[*1]Bank of New York Mellon, etc., appellant,
v
Mohammad Waheed, respondent, et al., defendants.

Pincus Law Group, PLLC, Uniondale, NY (Barry M. Weiss of counsel), for appellant.
Maggio & Meyer, PLLC, Bohemia, NY (Holly C. Meyer of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered November 2, 2020. The order and judgment, inter alia, granted the motion of the defendant Mohammad Waheed pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him, and dismissed the complaint insofar as asserted against him.
ORDERED that the order and judgment is reversed, on the law, with costs, the motion of the defendant Mohammad Waheed pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against him is denied, the complaint is reinstated insofar as asserted against the defendant Mohammad Waheed, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
The plaintiff commenced this action against the defendant Mohammad Waheed (hereinafter the defendant), among others, to foreclose a mortgage on real property located in South Ozone Park. After the defendant joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer and affirmative defenses, and for an order of reference. By order dated March 21, 2018, the Supreme Court, among other things, directed a trial of the action limited to the issues of compliance with the notice of default provisions of the mortgage and RPAPL 1304, as well as the amounts due to the plaintiff.
During the trial, the defendant objected to the admission of a copy of the underlying note. The Supreme Court declined to admit the note into evidence, and the defendant moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint insofar as asserted against it, arguing that the plaintiff was unable to establish a prima facie case. By order and judgment entered November 2, 2020, the court granted the defendant's motion, dismissed the complaint insofar as asserted against him, and directed the County Clerk to cancel and discharge the notice of pendency. The plaintiff appeals.
"A motion for judgment as a matter of law is to be made at the close of an opposing party's case or at any time on the basis of admissions (see CPLR 4401), and the grant of such a motion prior to the close of the opposing party's case generally will be reversed as premature even if the ultimate success of the opposing party in the action is improbable" (Burbige v Siben & Ferber, [*2]89 AD3d 661, 662; see Fishon v Richmond Univ. Med. Ctr., 171 AD3d 873, 873-874). Here, the defendant's motion for judgment as a matter of law dismissing the complaint insofar as asserted against him was made before the close of the plaintiff's case, and was not based upon an admission by the plaintiff. Accordingly, the defendant's motion should have been denied as premature (see Fuchs v Long Beach Med. Ctr., 199 AD3d 762; Fishon v Richmond Univ. Med. Ctr., 171 AD3d at 874).
In view of our determination, we need not reach the plaintiff's remaining contentions.
DUFFY, J.P., IANNACCI, WOOTEN and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court