| |
|---|
| **Kayumova v Kaja** |
| 2025 NY Slip Op 31074(U) |
| April 2, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 511974/2023 |
| Judge: Anne J. Swern |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Trial Term, Part 75 of the
Supreme Court of the State of New York,
Kings County, at the Courthouse located at
360 Adams Street, Brooklyn, New York on
the 2nd day of April 2025.

P R E S E N T: HON. ANNE J. SWERN, J.S.C.

NASIBA KAYUMOVA,

                *Plaintiff,,*

    -*against*-

BESARTA KAJA, ARIF KAJA, PETER ROTONDI,
OLGA M. FRENKEL, MUHAMMAD A. BARLAS,
JOSEPH MELLUSI, II, SHAHBOZ HALIMOV AND
"JOHN DOE" NAME OF OPERATOR OF VEHICLE
UNKNOWN,

                *Defendants.*

**DECISION & ORDER**

Index No.:    511974/2023

Motion Seq.:  003, 004, 005, 006

Cal. No.:    17

Return Date:  2/13/25

*Recitation of the following papers as required by CPLR 2219(a):*

                                                **Papers
Numbered**

**MS 3** Defendant Barlas' Notice of Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 67-78) ......................................................1, 2

    Plaintiff's Affirmation and Exhibits in Opposition (NYSCEF 80-84) .................3

    Reply Affirmation (NYSCEF 120) .....................................................................4

**MS 4** Plaintiff's Notice of Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 85-94) ......................................................5, 6

    Defendant Rotondi's Affirmation
and Exhibits in Opposition (NYSCEF 114-116) .................................................7

**MS 5** Defendant Kaja's Notice of Motion, Affirmation,
Affidavits and Exhibits (NYSCEF 95-103) ....................................................8, 9

    Plaintiff's Affirmation and Exhibits in Opposition (NYSCEF 121-123) ...........10

**MS 6** Defendant Frenkel's Notice of Cross-Motion,
Affirmation, Affidavits and Exhibits (NYSCEF 104-113) ...........................11, 12

    Defendant Rotondi's Affirmation
and Exhibits in Opposition (NYSCEF 124-126) ...............................................13

    Reply Affirmation and Exhibits (NYSCEF 132-135)........................................14

[*1]

*Upon the foregoing papers and after joint oral argument on all motions, the decision and order of the Court is as follows:*

This is an action for personal injuries arising out of a multi-vehicle accident. The affidavits of Frenkel, Kaja, Barlas and Rotondi submitted in support of their respective motions for summary judgment establish that their vehicles were stopped at a red light when the Halimov vehicle traveling at a high rate of speed side-swiped Frenkel, pushing her into Barlas. Then, Halimov struck Rotondi in the rear causing a chain collision between Rotondi and Kaja. The damage to Halimov's vehicle corroborates defendants' version of the facts (NYSCEF 91, p.3).

**Plaintiff's motion pursuant to CPLR §2221 (MS 004)**

Plaintiff's motion for an order pursuant to CPLR § 2221 [a] to renew and reargue this Court's prior order dated 9/19/2024 granting summary judgment to defendant Peter Rotondi is denied. After careful consideration, the Court adheres to its decision and order granting summary judgment to Rotondi.

The "new" Barlas' affidavit submitted in support of his motion does not warrant a change in the Court's prior decision (CPLR § 2221 [e]; *Singh v Weisberg*, 178 AD3d 873, 874 [2d Dept. 2019]). At the time of the accident, plaintiff was a passenger in the Hamilov vehicle. For the reasons discussed below, plaintiff's affidavit submitted in opposition to the Rotondi's underlying motion does not establish a question of fact as to liability.

A motion pursuant to CPLR § 2221 is not a second chance to repeat a prior factual presentation (*see Singh v Avis Rent-A-Car Sys., Inc.*, 119 AD3d 768, 771 [2d Dept. 2014]). Plaintiff's continued reliance on her affidavit submitted in the underlying motion is misplaced. The Court previously found that plaintiff's affidavit was patently contradictory to her deposition testimony that she did not see the Rotondi vehicle at any time before the

accident (NYSCEF 37, 7-13). Plaintiff's affidavit that Rotondi made an unsafe lane change causing the accident was a feigned, and possibly perjurious, attempt designed to avoid the consequences of her earlier deposition testimony that she did not see how the accident happened because she was looking at her phone (NYSCEF 111, p.33) (*Zhu v Natale*, 131 AD3d 607, 608 [2d Dept. 2015]).

**Barlas, Kaja and Frankel's motions pursuant CPLR § 3212 (MS 003 , 005 & 006)**

Based on the foregoing, defendants Barlas, Kaja and Frankel's motions for summary judgment dismissing plaintiff's complaint and all cross claims are granted. Plaintiff's affidavit does not establish a question for fact as to liability.

Accordingly, it is hereby

ORDERED that defendant BARLAS' motion for an order pursuant to CPLR § 3212 granting summary judgment and dismissing the complaint and all cross claims is granted (MS 003), and it is further

ORDERED that plaintiff's motion for an order pursuant to CPLR § 2221 [a] to reargue this Court's order dated 9/19/2024 and thereafter deny defendant Rotondi's motion for summary judgment is denied (MS 004), and it is further

ORDERED that defendant KAJA'S motion for an order pursuant to CPLR § 3212 granting summary judgment and dismissing the complaint and all cross claims is granted (MS 005), and it is further

ORDERED that defendant FRENKEL'S motion for an order pursuant to CPLR § 3212 granting summary judgment and dismissing the complaint and all cross claims is granted (MS 006), and it is further

This constitutes the decision and order of the Court.

E N T E R :

_____

Hon. Anne J. Swern, J.S.C.

Dated: 4/2/2025

For Clerks use only:

MG _____

MD _____

Motion seq. # _____

[* 4]