■ Dominick Sorrentino et al., Appellants, v Ronbet Company, Respondent. [664 NYS2d 290] —Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about June 7, 1996, which, in an action by a building employee against the building owner for personal injuries sustained on the job, granted defendant's motion pursuant to CPLR 4401 to dismiss the complaint as barred by the Workers' Compensation Law, unanimously affirmed, without costs.

Denial of defendant's pretrial motion for summary judgment pursuant to CPLR 3212 did not preclude the trial court from entertaining defendant's motion pursuant to CPLR 4401 made during trial (*Cushman & Wakefield v 214 E. 49th St. Corp.*, 218 AD2d 464, 468, *appeal dismissed* 88 NY2d 951, *lv denied* 88 NY2d 816), which was properly granted after plaintiff had completed presenting his evidence (*cf.*, *Page v City of New York*, 79 AD2d 573; *Goldstein v C. W. Post Ctr.*, 122 AD2d 196). On the merits, the case is distinguishable from *Sandi v Chaucer Assocs.* (170 AD2d 663), relied on by plaintiff, by the documentary evidence establishing that plaintiff was hired by the prior owner of the building and remained defendant's employee under express terms of defendant's agreement with the management company claimed by plaintiff to be his employer. In addition, defendant issued plaintiff's W-2 statement, plaintiff listed defendant as his employer on a mortgage application, and, perhaps most significantly, plaintiff's evidence failed to show, prima facie, that his daily activities were supervised by an employee of the management company (*see*, *Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 558). It is of no consequence that the management company was listed as plaintiff's employer in the files of the Workers' Compensation Board, where the issue of the identity of plaintiff's employer was not a subject of dispute before the Board (*see*, *Rifkin v Dan's Supreme Supermarket*, 198 AD2d 487, 488). Concur—Ellerin, J. P., Nardelli, Rubin and Mazzarelli, JJ.

■ The People of the State of New York, Respondent, v Samuel Ortiz, Appellant. [665 NYS2d 839] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered May 19, 1995, convicting defendant, upon his plea of guilty, of two counts of robbery in the first degree, and sentencing him to concurrent terms of 7 to 21 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. The record supports the court's finding that none of the identification procedures were unduly suggestive (*see*, *People v Chipp*, 75 NY2d 327, 335-336, *cert denied* 498 US 833). Concur—Sullivan, J. P., Williams, Mazzarelli, Andrias and Colabella, JJ.