■ PAUL DeSIMONE, Appellant-Respondent, et al., Plaintiff, v CITY OF NEW YORK et al., Respondents, and HUGH O'KANE ELECTRIC CO. LLC, Respondent-Appellant, et al., Defendant. (And a Third-Party Action.) [993 NYS2d 551]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered January 4, 2013, which, insofar as appealed from as limited by the briefs, granted defendants' motions for summary judgment dismissing plaintiff Paul DeSimone's Labor Law § 241 (6) claim, granted the motions of Maximum Security Products Corp., doing business as Hillside Iron Works Corp. (Hillside), and Danco Electrical Contractor, Inc. (Danco) for summary judgment dismissing the common-law negligence claims against them, denied plaintiff's cross motion to submit an expert disclosure pursuant to CPLR 3101 (d) (1) (i), and conditionally granted the motion of defendants Dormitory Authority of the State of New York (DASNY) and Bovis Lend Lease LMB, Inc. (Bovis) for contractual indemnification against defendant Hugh O'Kane Electric Co. LLC (O'Kane), unanimously modified, on

the law, to reinstate the Labor Law § 241 (6) claim as against the owner and general contractors, and any subcontractor that the court determines had the authority to supervise and control the lighting work in question such as would render it the general contractor's statutory agent, and otherwise affirmed, without costs.

The court dismissed the complaint as against the City in view of plaintiff's lack of opposition to its motion for summary judgment, and plaintiff does not present any basis to reverse this determination.

The court providently exercised its discretion in denying plaintiff's cross motion to submit a disclosure of his expert professional engineer, since it was first submitted in opposition to defendants' motions for summary judgment dismissing the complaint, and subsequent to the filing of the note of issue and certificate of readiness (see Garcia v City of New York, 98 AD3d 857, 858-859 [1st Dept 2012]).

Plaintiff's Labor Law § 241 (6) claim was improperly dismissed on the ground that plaintiff was not covered under the statute. Plaintiff testified that he was an onsite project manager, employed by one of multiple general contractors on the subject construction project, whose job pertained to financial issues such as billing of subcontractors and revenue projections for the project. He testified that he tripped and fell in a vestibule he was walking through, intending to conduct a visual inspection of a condition alleged by O'Kane to support a back charge for "additional work," in order to determine whether this claim was substantiated. Thus, plaintiff was not merely working in a building that happened to be under construction (cf. Coombs v Izzo Gen. Contr., Inc., 49 AD3d 468 [1st Dept 2008]). Rather, his job duties, including the inspection he was conducting at the time of the accident, were contemporaneous with and related to ongoing work on the construction project (see Prats v Port Auth. of N.Y. & N.J., 100 NY2d 878, 881 [2003]). Thus, plaintiff was covered under the statute even though he did not perform the "labor-intense aspects of the project" (id.).

The court properly dismissed plaintiff's common-law negligence and Labor Law § 200 claims against defendants Hillside and Danco. Plaintiff seeks to hold Hillside liable for the placement of steel handrails in an area of the fifth floor of the subject building, causing him to trip over them. He seeks to hold Danco liable for inadequate temporary lighting in the area. However, both of these defendants met their burden by submitting evidence showing that they had no "authority to control the activity bringing about the injury to enable it to avoid or correct an

unsafe condition" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317 [1981]; *see Jehle v Adams Hotel Assoc.*, 264 AD2d 354, 355 [1st Dept 1999]). The deposition testimony of project managers for Hillside and third-party defendant PII, LLC established that Hillside, a steel subcontractor, merely manufactured steel handrails and delivered them in a truck, which a Hillside driver would park outside the building as PII employees unloaded them. The remaining work to be done with these products, including their placement and storage in the building, was delegated by Hillside to PII pursuant to their subcontract.

Similarly, Danco met its burden by submitting testimony and documentary evidence indicating that it was retained by O'Kane, the prime electrical contractor, merely to perform the initial installation of temporary lighting, which was completed on the fifth floor well before the accident occurred. According to the relevant testimony, Danco had no continuing responsibility for maintaining or replacing the temporary lighting. Plaintiff is correct that the court improperly excluded some of his submissions in opposition to Danco's motion. He relies on alleged business records of DASNY, the owner, referring to Danco's work repairing damaged wires on the fifth floor nine days before the accident, and on nearby floors on the subsequent days leading up to and including the accident. Although these records were admissible under the "party admission" exception to the hearsay rule (*see K & K Enters. Inc. v Stemcor USA Inc.*, 100 AD3d 415, 415-416 [1st Dept 2012]), there is no indication that any such repairs were connected to the temporary lighting; Danco also performed work on the building's fire alarm system. Plaintiff also testified that he heard the site safety manager for defendant Bovis, the general contractor or construction manager, discussing a power outage on the fifth floor and instructing electricians to fix it immediately. This testimony was admissible under the "principal/agent admission" exception to the hearsay rule (*Navedo v 250 Willis Ave. Supermarket*, 290 AD2d 246 [1st Dept 2002]). However, this evidence failed to raise an issue of fact as to whether Danco breached a duty to maintain or repair the temporary lighting.

The court properly conditionally granted summary judgment in favor of DASNY and Bovis's contractual indemnification claim against O'Kane. The relevant provision of the contract between DASNY and O'Kane broadly required O'Kane to indemnify DASNY and Bovis for any injuries "caused by, resulting from, arising out of, or occurring in connection with the execution of the Work." It is uncontested that plaintiff's injuries were caused by or occurred in connection with O'Kane's work. More-

over, the indemnification provision precludes DASNY and Bovis from obtaining indemnification for their own negligence, if any. Under these circumstances, notwithstanding the pending negligence claims against DASNY and Bovis, the court properly granted conditional contractual indemnification (*see Burton v CW Equities, LLC*, 97 AD3d 462 [1st Dept 2012]; *Hughey v RHM-88, LLC*, 77 AD3d 520, 522-523 [1st Dept 2010]). Concur— Sweeny, J.P., Acosta, Saxe, Manzanet-Daniels and Clark, JJ.

---

The decision and order of this Court entered herein on July 3, 2014 (119 AD3d 422 [2014]) is hereby recalled and vacated (*see* 2014 NY Slip Op 85237[U] [2014] [decided simultaneously herewith]).