Johnson v Chelsea Grand E., LLC (2015 NY Slip Op 00645)





Johnson v Chelsea Grand E., LLC


2015 NY Slip Op 00645


Decided on January 27, 2015


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2015

Mazzarelli, J.P., Renwick, DeGrasse, Richter, Clark, JJ.


14058 112553/09

[*1] Charles Johnson, Plaintiff-Respondent,
v
Chelsea Grand East, LLC doing business as Hampton Inn Manhattan Chelsea, Defendant-Appellant, Chelsea Grand East Manager, LLC doing business as Hampton Inn Manhattan Chelsea, Defendant, Mikesam Construction Corporation, Defendant-Respondent.


Barry, McTiernan & Moore LLC, New York (David H. Schultz of counsel), for appellant.
Wingate Russotti Shapiro & Halperin, LLP, New York (Michael J. Fitzpatrick of counsel), for Charles Johnson, respondent.
Kevin Kerveng Tung, P.C., Flushing (Ge Li of counsel), for Mikesam Construction Corporation, respondent.



Order, Supreme Court, New York County (Anil C. Singh, J.), entered on or about January 30, 2014, which, to the extent appealed from as limited by the briefs, denied defendant Chelsea Grand East, LLC's motion for conditional summary judgment on its cross claims against defendant Mikesam Construction Corporation for contractual indemnification, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff seeks damages for injuries he sustained when he stepped down onto the floor from the bottom step of a stairway constructed by Mikesam's subcontractors on Chelsea's property. Pursuant to contract, Mikesam agreed to indemnify Chelsea, "[t]o the fullest extent permitted by law," for claims, damages, losses and expenses arising out of Mikesam's work under its contract only to the extent caused by its negligence or that of its subcontractors. Although, as the motion court observed, there has been no determination as to Mikesam's or its subcontractors' negligence in connection with the stairway, Chelsea may be granted conditional summary judgment on its cross claim against Mikesam for indemnification (see e.g. DeSimone v City of New York, 121 AD3d 420, 422-423 [1st Dept 2014]; Fuger v Amsterdam House for Continuing Care Retirement Community, Inc., 117 AD3d 649 [1st Dept 2014]; Cuomo v 53rd & 2nd Assoc., LLC, 111 AD3d 548 [1st Dept 2013]). Contrary to Mikesam's contention, the conditional nature of Chelsea's motion for summary judgment was plain from its motion papers.
Nor does the subject indemnification provision violate the prohibition against exempting owners and contractors from liability for negligence (General Obligations Law § 5-322.1) since it is limited by the phrases, "[t]o the fullest extent permitted by law," and "regardless of whether or not such claim, damage, loss or expense is caused in part by [Chelsea]" (see Dutton v Pankow Bldrs., 296 AD2d 321 [1st Dept 2002] [emphasis added], lv denied 99 NY2d 511 [2003]).
Although plaintiff neither moved for summary judgment on the issue of Chelsea's notice of the uneven risers in the stairway nor appealed the motion court's denial of his informal request for summary judgment upon a search of the record, we note that there was no basis for a search of the record to grant him summary judgment since his informally raised claim was unrelated to the subject of Chelsea's motion (New Hampshire Ins. Co. v MF Global, Inc., 108 AD3d 463, 467 [1st Dept 2013]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 26, 2015
CLERK