Phyllis Auliano et al., Respondents, v 145 East 15th Street Tenants Corp. et al., Appellants, and Master Renovation, Inc., Respondent. [11 NYS3d 50]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered November 5, 2014, which, among other things, denied defendants 145 East 15th Street Tenants Corp. and Orsid Realty Corp.'s (collectively 145 East) motion for summary judgment dismissing the complaint against them or, in the alternative, for summary judgment on their cross claim for contractual indemnification against defendant Master Renovation, Inc., unanimously modified, on the law, to grant 145 East

conditional summary judgment on the contractual indemnification claim, and otherwise affirmed, without costs.

The court correctly denied 145's motion, and Master's cross motion, for summary judgment dismissing the complaint. Issues of fact exist as to whether the condition that allegedly caused plaintiff Phyllis Auliano's fall was open and obvious, given, among other things, plaintiff's testimony that the area was "dim," the colored photographs of the area showing that a window was covered with heavy latticework, and the lack of any handrails or guardrails, which may have alerted plaintiff to a potentially dangerous condition (see Westbrook v WR Activities-Cabrera Mkts., 5 AD3d 69, 70-72 [1st Dept 2004]; see also Thornhill v Toys "R" Us NYTEX, 183 AD2d 1071, 1073 [3d Dept 1992]). The evidence also raises issues of fact as to whether defendants breached their common-law duty to maintain the area in a reasonably safe condition by failing to provide adequate lighting, barriers, warnings, handrails or guardrails (see Westbrook, 5 AD3d at 72-75). Further, there are issues of fact as to whether defendants violated Administrative Code of the City of New York § 27-381 (requiring adequate illumination), and whether Master violated former Administrative Code § 27-1009 (a) (amended and renumbered as section 3301.2 [eff July 1, 2008]) (requiring contractors to provide and maintain safety measures).

145 East is entitled to conditional summary judgment on its cross claim for contractual indemnification against Master, given the broad indemnification clause in the contract between the parties, which does not purport to indemnify 145 East for its own negligence, and given that issues of fact exist as to 145 East's negligence (see Johnson v Chelsea Grand E., LLC, 124 AD3d 542 [1st Dept 2015]; DeSimone v City of New York, 121 AD3d 420, 422-423 [1st Dept 2014]). Concur—Friedman, J.P., Acosta, Moskowitz, Richter and Feinman, JJ.