■ RYSZARD ANTONIAK, Respondent, v P.S. MARCATO ELEVATOR CO., INC., Respondent, and 371 SEVENTH AVENUE CO., LLC, Appellant. [40 NYS3d 112]—

Order, Supreme Court, New York County (Michael L. Katz, J.), entered February 10, 2016, which denied the motion of defendant 371 Seventh Avenue Co., LLC (371) for summary judgment dismissing the complaint and all cross claims as against it, and for summary judgment on its claim for contractual indemnification against defendant P.S. Marcato Elevator Co., Inc. (PS Marcato), unanimously modified, on the law, to the

extent of dismissing the complaint and all cross claims as against 371, and granting 371 conditional contractual indemnification against PS Marcato, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly.

In support of its motion, 371 made a prima facie showing that it was plaintiff's employer, by submitting plaintiff's W-2 forms, plaintiff's testimony that 371 appeared on his checks, and the affidavit of a 371 executive explaining the corporate structure of the organization. In opposition, plaintiff and PS Marcato offered only speculation that 371 was not plaintiff's employer. The entity plaintiff named as his employer at his deposition and listed by plaintiff in paperwork to his pension fund was a trade name (*see Gherghinoiu v ATCO Props. & Mgt., Inc.*, 32 AD3d 314, 315 [1st Dept 2006], *lv denied* 7 NY3d 716 [2006]). That the trade name, as well as the name of the entity that purchased the master workers' compensation insurance policy for 371, was listed in workers' compensation paperwork is of no evidentiary value, since the issue of the identity of plaintiff's employer was not in dispute before the Workers' Compensation Board (*see Sorrentino v Ronbet Co.*, 244 AD2d 262 [1st Dept 1997]).

The motion court also erred in not granting conditional contractual indemnity in favor of 371 on its claim against PS Marcato. The indemnity provision in the full service elevator contract between defendants was triggered by plaintiff's accident (*see e.g. Ezzard v One E. Riv. Place Realty Co., LLC*, 137 AD3d 648 [1st Dept 2016]). In light of PS Marcato's contractual duty to ensure proper leveling, and its admitted weekly inspections, the complaints of alleged misleveling from months and years prior are insufficient evidence of negligence on the part of 371. Furthermore, PS Marcato made no connection between plaintiff's claim that the elevator door was "acting strangely" on the day of his accident and the misleveling. Nevertheless, indemnity at this stage is conditional since 371 failed to establish as a matter of law that it was entirely free from negligence (*see Auliano v 145 E. 15th St. Tenants Corp.*, 129 AD3d 469 [1st Dept 2015]; *Johnson v Chelsea Grand E., LLC*, 124 AD3d 542 [1st Dept 2015]). Concur—Sweeny, J.P., Acosta, Andrias, Manzanet-Daniels and Webber, JJ.