Frank v 1100 Ave. of the Ams. Assoc. (2018 NY Slip Op 01875)





Frank v 1100 Ave. of the Ams. Assoc.


2018 NY Slip Op 01875


Decided on March 20, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2018

Friedman, J.P., Richter, Mazzarelli, Kapnick, Gesmer, JJ.


156632/13 -698 6033

[*1] James Frank, et al., Plaintiffs,
v
1100 Avenue of the Americas Associates, et al., Defendants-Respondents, Statewide Demolition Corp., Defendant-Appellant.


Cascone & Kluepfel, LLP, Garden City (Olympia Rubino of counsel), for appellant.
Smith, Mazure, Director, Wilkins, Young & Yagerman, P.C., New York (Stacy I. Malinow of counsel), for respondents.



Order, Supreme Court, New York County (Jennifer G. Schechter, J.), entered on or about February 3, 2017, which, insofar as appealed from, granted the motion of defendants 1100 Avenue of the Americas Associates (1100 Associates), JT Magen & Co., Inc. (JT Magen), and Home Box Office Inc. (HBO) (together movants) for summary judgment on their cross claim against Statewide Demolition Corp. for contractual indemnification, unanimously affirmed, without costs.
The record shows that, pursuant to its contract with HBO, JT Magen was generally responsible for coordinating and scheduling subcontractors' work, and for site safety. Standing alone, this is not enough to impose liability in negligence on JT Magen for the injuries allegedly sustained by plaintiff, who was an employee of Hugh O'Kane Electric Co., one of JT Magen's subcontractors. Nor is there any evidence that JT Magen directly controlled the work of Statewide, the demolition contractor, or of any other basis for a finding that JT Magen was negligent (see Bisram v Long Is. Jewish Hosp., 116 AD3d 475, 476 [1st Dept 2014]; Alonzo v Safe Harbors of the Hudson Hous. Dev. Fund Co., Inc., 104 AD3d 446, 449 [1st Dept 2013]; O'Sullivan v IDI Constr. Co., Inc., 28 AD3d 225, 226 [1st Dept 2006], affd 7 NY3d 805 [2006]).
Statewide's argument that the indemnity clause contained in the purchase order issued to it by JT Magen violates the General Obligations Law's proscription against exempting owners and contractors from liability for their own negligence (see General Obligation Law § 5-322.1) is unpreserved and without merit. The indemnity clause expressly limits its own scope "[t]o the fullest extent permitted by law." Such qualifying language "limit[s] [a party's] contractual indemnity obligation solely to [the party's] own negligence" (Brooks v Judlau Contr., Inc., 11 NY3d 204, 210 [2008]), and redeems an otherwise facially violative indemnity provision (see Johnson v Chelsea Grand E., LLC, 124 AD3d 542, 543 [1st Dept 2015]). Indeed, the indemnity provision at issue here goes beyond pro forma limiting language and expressly restricts the indemnitees' right to recover to be coextensive with their own lack of fault. Since the accident arose from the covered work and movants established themselves to be free from fault in causing plaintiff's alleged injuries, the motion court properly granted movants' motion for summary judgment on their cross claim against Statewide for contractual indemnification.
Also without merit is Statewide's argument that movants failed to show that 1100 Associates and HBO are designated as indemnitees under the purchase order. The purchase order on its face identifies the "Building Owner" and "Landlord" as an indemnitee; there is no question that 1100 Associates owns the subject building. The purchase order also identifies the "Owner" as an indemnitee. While the identity of the "Owner" is not clear from the face of the [*2]purchase order, that document incorporates by reference JT Magen's prime contract with the "Owner." JT Magen's prime contract, in turn, is with HBO as net lessee of the building and "Owner." Hence, Statewide's assumption of a duty to indemnify, as well as movants' identities as indemnitees, is clear on the face of the purchase order and the governing prime
contract incorporated therein by reference (see BWA Corp. v Alltrans Express U.S.A., 112 AD2d 850, 852 [1st Dept 1985]). M—698 - James Frank v Avenue of the Ams.
Assocs.
Motion for stay of trial pending appeal
denied as moot.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 20, 2018
CLERK