Crovato v H&M Hennes & Mauritz, L.P. (2019 NY Slip Op 07530)





Crovato v H&M Hennes & Mauritz, L.P.


2019 NY Slip Op 07530


Decided on October 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 22, 2019

Acosta, P.J., Richter, Mazzarelli, Webber, Kern, JJ.


10143 304191/10 83792/11 83835/12

[*1] Craig Crovato, Plaintiff,
v
H & M Hennes & Mauritz, L.P., et al., Defendants-Appellants, Diversified Construction Corp., also known as Grandview Contracting Corp., et al., Defendants-Respondents.
JKT Construction, Inc., Third-Party Plaintiff-Appellant,
v
Superior Site Work, Inc., et al., Third-Party Defendants-Respondents, Colony Insurance Company, et al., Third-Party Defendants.
H & M Hennes & Mauritz, L.P., Second Third-Party Plaintiff-Appellant,
v
Signature Floors, Inc., Second Third-Party Defendant-Respondent, Colony Insurance Company, et al., Second Third-Party Defendants.


Carol R. Finocchio, New York, for appellants.
Gordon Rees Scully Mansukhani, LLP, Harrison (Allyson A. Avila of counsel), for Diversified Construction Corp., and Superior Site Work, Inc., respondents.
Camacho Mauro Mulholland, LLP, New York (Anthony J. Buono of counsel), for Signature Floors, Inc., respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about September 12, 2018, which, to the extent appealed from as limited by the briefs, denied the motion of defendants H & M Hennes & Mauritz (H & M) and JKT Construction, Inc (JKT) for summary judgment on their third-party claims and cross claims for contractual indemnity against Signature Floors, Inc. (Signature) and Superior Site Work, Inc. (Superior), unanimously modified, on the law, to grant JKT and H & M conditional summary judgment against Superior, and otherwise affirmed, without costs.
Questions of fact exist as to whether the signatory of the contract between JKT and Signature had authority, actual or apparent, to bind Signature, and, if not, whether Signature ratified the contract through subsequent behavior (see Matter of Cologne Life Reins. Co. v Zurich Reins. [N. Am.], 286 AD2d 118 [1st Dept 2001]). There is conflicting deposition testimony regarding whether the individual who signed the contract had actual or apparent authority to bind Signature to the indemnity clause (see DeSario v SL Green Mgt. LLC, 105 AD3d 421 [1st Dept 2013]). Nor is Signature's conduct in performing the contract work dispositive evidence of ratification where Signature's principal testified that the work was performed in accordance with a purchase order and specifications, which together contained the same scope of work and price (cf. Mulitex USA, Inc. v Marvin Knitting Mills, Inc., 12 AD3d 169 [1st Dept 2004]).
However, the validity of Superior's indemnification contract with JKT and H & M is not contested. This agreement provides that Superior is obligated to indemnify JKT and H & M, but that indemnity is limited to Superior's negligence. As there are disputed issues of fact as to Superior's and JKT'S alleged negligence, JKT & H & M are entitled to conditional summary judgment on their claim for contractual indemnification against Superior (see Giancola v Yale Club of New York City, 168 AD3d 539 [1st Dept 2019]; Auliano v 145 E. 15th St. Tenants Corp., 129 AD3d 469 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 22, 2019
CLERK