Berra v CHSP 36th St. LLC (2019 NY Slip Op 09097)





Berra v CHSP 36th St. LLC


2019 NY Slip Op 09097


Decided on December 19, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Kapnick, JJ.


10614N 22534/13E

[*1] Ydalgo Berra, Plaintiff-Respondent,
v
CHSP 36th Street LLC, et al., Defendants-Appellants, Rotavele Elevator, Inc., Defendant-Appellant-Respondent.


Cartafalsa, Turpin & Lenoff, New York (Christopher J. Turpin of counsel), for appellants.
Gottlieb Siegel & Schwartz, LLP, New York (Laura R. McKenzie of counsel), for appellant-respondent.
Louis Grandelli, P.C., New York (Ari R. Lieberman of counsel), for respondent.



Order, Supreme Court, Bronx County (Lizbeth Gonzalez, J.), entered January 10, 2019, which, to the extent appealed from, denied the motion of defendants CHSP 36th Street LLC and Hyatt Hotel Corporation (collectively CHSP) for conditional summary judgment on their cross claim for contractual defense and indemnification against defendant Rotavele Elevator, Inc. (Rotavelle), and granted plaintiff's cross motion for partial summary judgment on the issue of liability based on the doctrine of res ipsa loquitur, unanimously reversed, on the law, without costs, CHSP's motion granted and plaintiff's cross motion denied.
The opinion of Rotavele's expert engineer, based on his inspection of the elevator, that the mechanical design of the elevator would make it impossible for the elevator car to free-fall or even speed up, raised questions of fact as to whether the accident occurred as plaintiff alleges and whether the doctrine of res ipsa loquitur applies here (see Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]).
Furthermore, given the clear and unmistakeable terms of the elevator service agreement between CHSP and Rotavele, CHSP was entitled to conditional summary judgment on its claim for a defense and indemnification notwithstanding any possible negligence on its part in the cause of plaintiff's alleged injuries (see Antoniak v P.S. Marcato El. Co., Inc., 144 AD3d 407 [1st Dept 2016]; see also Giancola v Yale Club of N.Y. City, 168 AD3d 539 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 19, 2019
CLERK