Lam Pearl St. Hotel, LLC v Anthony T. Rinaldi, LLC (2026 NY Slip Op 01163)

Lam Pearl St. Hotel, LLC v Anthony T. Rinaldi, LLC

2026 NY Slip Op 01163

Decided on March 03, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 03, 2026

Before: Webber, J.P., Shulman, Higgitt, Rosado, Hagler, JJ. 

Index No. 159507/21|Appeal No. 5993|Case No. 2025-00704|

[*1]Lam Pearl Street Hotel, LLC, et al., Plaintiffs-Respondents,
vAnthony T. Rinaldi, LLC, et al., Defendants-Appellants, Main Electrical Services, Inc., Defendant-Respondent.

Milber Makris Plousadis & Seiden, LLP, Purchase (Todd S. Shaw of counsel), for appellants.
Sheps Law Group, PC, Huntington (Robert C. Sheps of counsel), and Denenberg Tuffley PLLC, Southfield, MI (Erin J. Rodenhouse of the bar of the State of Michigan, admitted pro hac vice, of counsel), for Lam Pearl Street Hotel, LLC, Endurance American Insurance Company, as subrogee of Lam Pearl Street Hotel, LLC, and Real Hospitality Group, LLC, respondents.
Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Larry H. Lum of counsel), for Main Electrical Services, Inc., respondent.

Order, Supreme Court, New York County (Mary V. Rosado, J.), entered on or about January 16, 2025, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Anthony T. Rinaldi, LLC and the Rinaldi Group, LLC (Rinaldi defendants) for summary judgment on their contractual indemnification claim against defendant Main Electrical Services, Inc. conditioned on a finding of negligence against Main Electrical, unanimously modified, on the law, to the extent of making contractual indemnification conditioned on proof demonstrating that Main Electrical's acts or omissions in the performance of its work contributed to the losses claimed, and otherwise affirmed, without costs.
The right to contractual indemnification depends upon the specific language of the contract (Pena v Intergate Manhattan LLC, 234 AD3d 618 [1st Dept 2025]; Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 417-418 [1st Dept 2021]). Here, defendant subcontractor Main Electrical agreed to indemnify the Rinaldi defendants, as the general contractor on the construction project, for any and all losses arising in connection with Main Electrical's work, provided Main Electrical's "acts or omissions" in the performance of such work "contributed to" such losses. Such indemnification obligation would be enforceable regardless of whether or not the losses were caused in part by an indemnitee. The indemnification provision did not contain a negligence trigger.
It is uncontested that the property losses alleged by plaintiffs were caused in part, if not primarily attributable to, the actions and omissions of Main Electrical's employees as they worked on the building's fire sprinkler system. Main Electrical is obligated to indemnify the Rinaldi defendants for its acts or omissions that contributed to the property losses alleged, which is a lesser showing than if the indemnification language required "negligent acts or omissions." To the extent the Rinaldi defendants have yet to establish that they are entirely free from negligence in the cause of any losses alleged, conditional contractual indemnification is appropriate (see Antoniak v P.S. Marcato El. Co., Inc., 144 AD3d 407, 408 [1st Dept 2016]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 3, 2026